### EAST TEXAS FIRE INSURANCE COMPANY V. H. KEMPNER.

### No. 186.

**1. Fire Insurance—Vacating Premises.**

Suit upon insurance policy in which was the following clause: "Art. 2. This policy shall become void unless consent in writing is indorsed by the company hereon in each of the following cases: Sec. 3. If the risk be increased by any change in the occupation of the building or the premises. * * * Sec. 4. It is a rule of this company not to insure any vacant or unoccupied building; and if any building herein described be or become vacant or unoccupied for the purpose indicated in this contract without the consent of the company indorsed thereon, this policy shall at once become null and void, and any unearned premium on the same will be refunded to the assured on the surrender of this policy." Under this policy it was error to hold that a temporary vacancy of the insured premises, without consent, would not render the policy void ............................... ..... 236

**2. Insurance Policy—Construction.**

. While it is the rule for construing a policy of insurance that the language used in it must be liberally construed in favor of the assured, so as not to defeat without a plain necessity his claim to indemnity, still it is equally well settled that where the language is plain and unambiguous courts must enforce the contract as made, and can not make a new contract for them... 236

**3. Same.**

The terms of the policy in discussion clearly express the contract, that upon vacancy of the premises the relation of assured and assurer was then and there to terminate ................. ..."................................ 237

**4. Vacancy—Temporary.**

Such clause includes temporary as well as permanent vacancies of business houses. Courts in case of vacancy can not prescribe a time within which a policy should or should not be avoided thereby......... ............... 238

ERROR to Court of Civil Appeals for Third District, in an appeal from Lee County.

The facts sufficiently appear in the opinion.

*Whitaker & Bonner*, for plaintiff in error.—In support of the proposition that the words of occupancy, as contained in the written portion of the policy, are a promissory warranty, and that a change of occupancy from that indicated in the contract to any other is a violation of the same, and would render the policy null and void, we desire to refer the court to the following authorities: Bank v. Ins. Co., 62 Texas, 464; May on Ins., sec. 248, citing Stout v. Ins. Co., 12 Iowa, 371; Wood on Fire Ins., 2 ed., 448, citing same case.

On the question of vacancy, we refer the court to the following list of authorities: Ins. Co. v. Long, 51 Texas, 91; Wood on Fire Ins., 2 ed., 57, 91; May on Ins., 3 ed., secs. 249, 249h; Burnett v. Ins. Co., 50 Conn., 420; Savings Inst. v. Ins. Co., 119 Mass., 240; Ins. Co. v. Tucker,

92 Ill., 64; Sleeper v. Ins. Co., 56 N. H., 401; Moore v. Ins Co., 62 N. H., 240.

As to the definition, and what constitutes a warranty, and the literal performance required, we respectfully refer the court to the following authorities: May on Ins., 3 ed., sec. 156; Wood on Fire Ins., 2 ed., 448, 454. See also on this question, Wood on Fire Ins., secs. 150, 179–182, 190, 191.

*Rector & Harris*, for appellee.—1. The court did not err in rendering judgment on the policy, and in construing the clause, "while occupied as a saddlery and printing office," to be merely a warranty in presenti that the house was so used at the time of the policy. May on Ins., 3 ed., secs. 247, 248, and cases cited; Ins. Co. v. Usaw, 112 Pa. St., 80; Ins. Co. v. Brockway, 28 N. E. Rep., 799; Bank v. Ins. Co., 20 Pac. Rep., 509; Martin v. Ins. Co. (Iowa), 52 N. W. Rep., 534: Ins. Co. v. Kimberly, 34 Md., 224; Ins. Co. v. Deckard, 28 N. E. Rep., 868; Ins. Co. v. Elliott, (Va.), 9 S. E. Rep., 694; Billings v. Ins. Co., 20 Conn., 139; Smith v. Ins. Co., 32 N. Y., 399–402; Flanders on Ins., p. 300, et seq.; Id., 268, 284–289, 512, 513, 524; O'Neil v. Ins. Co., 3 Comst. (N. Y.), 122; Ins. Co. v. Wetmore, 32 Ill., 243, 244; Joice v. Ins. Co., 45 Me., 168; Landon v. Ins. Co., 6 Wend. (N. Y.), 623; Rafferty v. Ins. Co., 3 Harr. (N. J.), 480; Blood v. Ins. Co., 12 Cush., 472.

2. A temporary vacancy, while one tenant is moving out and another is moving in, was not such a vacancy as was provided against in the policy, and the court did not err in so holding, and in giving judgment for appellee. Ins. Co. v. Race, 31 N. E. Rep., 392; Roe v. Ins. Co., 149 Pa. St., 194; Doud v. Ins. Co., 141 Pa. St., 47; O'Neil v. Ins. Co., 3 Comst. (N. Y.), 122; Joice v. Ins. Co., 45 Me., 168; May on Ins., secs. 247, 248, 249, 249d, 249i; Shackelton v. Ins. Co., 55 Mich., 288; Laselle v. Ins. Co., 43 N. J. L., 468, 469; Cummings v. Ins. Co., 67 N. J., 260; Ins. Co. v. Zucker (Ill.), 9 Ins. L. Jour., 193.

3. If during the life of the policy there should intervene a vacancy, which is terminated, and thereafter, during lawful occupancy, the building is destroyed, the policy not having been declared forfeited prior thereto, and the fire occurring from causes wholly independent of the intervening vacancy, the assured will recover on the policy. Ins. Co. v. Race, 31 N. E. Rep., 392; May on Ins., secs. 245, 249a, 249f, 249i; Barry v. Ins. Co., 35 Hun, 601, 604, 605; Doud v. Ins. Co., 141 Pa. St., 47; Lounsbury v. Ins. Co., 8 Conn., 459; Ins. Co. v. Wetmore, 32 Ill., 221; Ins. Co. v. Lawrence, 4 Metc. (N. Y.), 9; Kirschner v. Ins. Co., 74 Wis., 470; Ins. Co. v. Factory, 80 Pa. St., 407–412.

Counsel in argument for rehearing urged: Before discussing the grounds in the above motion, it might be well to make an extended statement as to the facts surrounding the parties at the time the policy was issued, because we must, in a measure, interpret all contracts by

the environment of the parties when they entered into it. And if we are familiar with the circumstances surrounding them we can best determine what they in fact contracted to do or not to do. H. Kempner lived in Galveston, and had no agent, general or special, in Giddings, where his building was situated. At the date of the issuance of the policy the premises were, and had been for some years, occupied by tenants of Kempner. The agent of the insurance company, Burns, lived in Giddings, and knew all these facts well. He placed the insurance, and after August, 1891, placed insurance on the stock of goods of the tenant who occupied it when the building burned, in November of 1891. If he remained the agent of the company, its liability can not be denied. What did the parties mean by the contract, "if any building herein described be or become vacant or unoccupied for the purposes indicated in this contract, without the consent of the company indorsed hereon, this policy shall at once become null and void?" The declaration that it was not the policy to insure vacant or unoccupied buildings can shed no light upon its determination, for the house was not vacant or unoccupied when insured. What was meant by "become vacant or unoccupied for the purposes indicated in the contract?" It never at any time for a moment of time became unoccupied for the purposes indicated in the contract. The purpose indicated was for a store; it was never at any time differently occupied, and consequently was not "unoccupied for the purposes of the contract." The only question arising under first and third subdivisions of our motion for a rehearing is, was the building at any time vacant? It must be presumed, in the absence of any evidence to the contrary, that the parties contracted with reference to the uses to which the house had been and was then put; and also with reference to the almost universal interpretation that had been given to the terms used in similar policies by nearly every court of last resort in the different States of the Union.

Some few of the courts have held that vacant means "void, empty of everything but air," while others hold that it has not necessarily such a meaning, but means vacated by the occupant without intent of returning, and make the term synonymous with unoccupied. 83 Wis., 181. All the courts say the policy must be construed most favorably to the insured. The vacancy clause has not been heretofore construed in our State with reference to the time intervening between the change of tenants, where a building is used for renting. And it would be a matter of regret if this court should reverse the rule of construction, almost universally given to like clauses by the Supreme Courts of the other States of the Union.

In addition to the authorities found in our brief in Court of Civil Appeals, we add the following, which sustain the proposition that the time intervening between the outgoing tenant and the incoming tenant

(where one has been provided before the other goes out), is not embraced in the term vacant or unoccupied: Ring v. Assur. Co. (Mass.), 14 N. E. Rep., 525; Moriarty v. Ins. Co. (Minn.), 55 N. W., 740; Eddy v. Ins. Co., 70 Iowa, 472 (cited by the court); 82 Me., 492; Hotchkiss v. Ins. Co., 76 Wis., 272; Lockwood v. Assur. Co., 47 Conn., 561; Whitney v. Ins. Co , 9 Hun, N. Y., 39; 1 Wood on Ins., sec. 91, and cases cited; Ins. Co. v. Hannum, 1 Monaghan (Pa.), 369; Schultz v. Ins. Co., 57 Mo., 337; Race v. Ins. Co. (Ill.), 29 N. E. Rep., 846.

In the case of Roe v. Insurance Company, 149 Pennsylvania State, 94, cited in the brief, the suit was on a policy which provided that the policy should be void if the building insured "be or become vacant or unoccupied." * * * The court approved the charge of the court below, in which the following language was used: "In case of an outgoing and incoming tenant, where a few days intervene between the outgoing tenant leaving and the incoming tenant taking possession, the question is a question for the jury whether there was an unreasonable time." In that case the premises were rented up to April 1, the tenant moved out on March 24, and completed removal of his goods on March 27, and the premises were leased to a new tenant to commence April 1, but were destroyed by fire on March 28, at a time when unoccupied. The court, in affirming the judgment below, says: "It was rather the temporary vacancy of the premises, such as frequently occurs upon the change of tenancy, to suit the convenience of the departing tenant. The facts in the case of Insurance Company v. Hannum, 1 Monaghan (Pennsylvania), 369, and referred to in Doud v. Insurance Company, 141 Pennsylvania State, 47, were almost precisely similar to those of the present case. There the outgoing tenant moved out April 1st, but the incoming tenant, who was to have moved in the same day, did not, as a fact, do so, but had made his arrangements to move in on the 5th. The fire occurred on the 3rd. The court below held, that this was not such a cessation of occupancy as would vitiate the policy, and we affirmed the judgment. The interval of vacancy there was three days and here it was four, and that seems to be the only difference between the two cases. We do not think the additional day in the present case at all affects the principle. We do not consider it necessary to repeat the reasoning in the Doud case, though it is quite applicable to the facts in this. The interval of vacancy was somewhat shorter, but it was the principle that a vacancy of such character is not to be regarded as a breach of the condition which gives the case importance in determining a contention such as the present. The period of nonoccupancy was but a reasonable vacation, such as is entirely consistent with the good faith of the party, and does not amount to the abandonment of possession which the policy prohibits."

In the case of Hotchkiss v. Insurance Company, 76 Wisconsin, 272, the Supreme Court, in passing on a vacancy clause, says: "But if he insures it as a tenement house, or as occupied by a tenant, it may fairly be presumed, nothing appearing to the contrary, that the parties to the contract of insurance contemplated that the tenant was liable to leave the premises, and that more or less time might elapse before the owner could procure another tenant to occupy them, and hence that the parties did not understand that the house should be considered vacant and the policy forfeited or suspended (according to its terms) immediately upon the tenant's leaving it. This distinction is made in some of the cases."

We refer the court also to the following cases more or less in point: Snyder v. Ins. Co. (Iowa), 42 N. W. Rep., 630; Dohlantry v. Ins. Co., 83 Wis., 181; 81 Wis., 583; Bonenfant vs. Ins. Co., 76 Mich., 656; Stensgaard v. Ins. Co., 36 Minn., 181.

In the Snyder case, the court, in construing a vacancy clause, makes a distinction between a vacancy occasioned by one tenant leaving the building so that another may come in, who had been secured as a tenant before the first tenant left, and a vacancy occasioned by one tenant leaving the premises when no incoming tenant was provided for. This would bear some analogy to our statute of limitation as applied to land. The possession must be continuous for the time prescribed by the statute to give title, but it has been held that where the tenant left, and there was no purpose of abandonment, a reasonable time would be allowed for the incoming tenant to take possession, and that in such cases the possession was continuous.

Forfeitures are never favored, but equity "abhors" forfeitures, as the books say. It is conceded by the court that in construing fire policies the courts must uphold them if it can be done, and all doubts must be resolved against the insurers and in favor of the insured. 81 Wis., 589. The court seems to think that the wording of this particular policy is peculiarly apt, and excludes by its terms any judicial interpretation. The provision against vacancy can be found in all policies. Some say the company will not be liable if the vacancy occurs, and others that the policy shall be null and void. Some say it shall be void "at once," others "immediately." Some say if vacancy occurs the insured shall give "immediate" notice or notice "at once" to the company, or the policy will be void. Courts, in passing upon what "immediately," or "at once," or "forthwith give notice," means, say reasonable time is meant. Lockwood v. Ins. Co., 47 Conn., 566, and the many cases there cited.

The object of this policy was to insure Kempner's building for the time stated while occupied by tenants for storehouse. The company knew that tenants are liable to leave, and that a succeeding tenant can not legally be put in possession during any moment of time of the

first tenant's lease without the first tenant's consent. Suppose in this case the tenant Northrup had the lease of the house up to Saturday night at 12 o'clock, August 14, 1891; the new tenant, Kirschner, could not come in until some moments after Northrup got out. There must of necessity intervene some space of time between the outgoing of one tenant and the incoming of another. You can not legally crowd one in while the lease of the other exists. Thousands of rent contracts by the month end on last day of the month. The incoming tenant comes in on the first, say in the morning. There has intervened a vacancy of twelve hours, at least, from the departure of one and the coming in of the other. If the departure of one before the coming in of the next, eo instanti, voids the policy, then we have the absurdity of supposing that business men contract, the one to insure and the other to pay his money for same, upon the theory that something illegal is to be required of the assured—that is, he must put one tenant into the premises that another has lawfully rented, and during the period of his lease. If "at once" means upon the instant of departure, the policy is void, unless some other tenant is in before the departure occurs; then, if the new tenant got in a day after, an hour after, a minute after, the policy is void. This certainly is reductio ad absurdum.

But if the court should, after reconsideration, adhere to its former opinion, and still hold that a vacancy had occurred in August between the outgoing of one and the incoming of another tenant, we insist that the temporary vacancy occurring in August could not avoid the policy, when it was repossessed—only one day of actual nonoccupation occurring, and that being Sunday—by a tenant who lawfully possessed it, and was in actual possession on November 8th, when the fire occurred. All of which is raised by our fourth clause in motion for rehearing.

There was no closing up of the business between the insurance company and the assured. No unearned premiums had been restored. No vacancy had occurred, except such as was incident to all buildings occupied by tenants. With the very fewest exceptions, all of the decisions found in the books construing vacancy clauses in fire policies arise where the fire occurred at a time of vacancy. In perhaps all the cases hereinbefore cited such is the case.

Now, it would seem wholly illogical to say that a condition arising which might defeat the policy as long as it existed should be held to avoid the policy after the condition had ceased and the possession was authorized, or such as was stipulated. It would be a strange construction of a life policy to hold a policy void that provided the company should not be liable, or that the policy should be void, if the insured should, without the company's written consent, go south of the equator, when the insured had in fact, without such consent, gone south of the equator, but had returned to the territory where he was authorized

to reside, and ten years after should be killed in a railroad accident. Or to hold that a warranty that the vessel was and should be kept seaworthy, and which having become unseaworthy was repaired, so as to be seaworthy again, and afterwards was lost by being set on fire by lightning.

The contract could mean nothing else than that the policy should be void if the loss occurred during the vacancy. In this case there was no question about the risk being increased; the issue was made in the lower court of increased risk; the evidence all showed no increase of risk, and the court so found, and in fact that assignment was wholly abandoned by plaintiff in error in the Court of Civil Appeals, and was not brought before this court.

The insurance company had a right to insist that it should have an actual occupant, and if, while unoccupied, the loss occurred, it might with some degree of reason say that the provision it had made to have some one in the building so as to extinguish any fire that might break out, had been violated.

The following authorities sustain this contention, to wit: Ins. Co. v. Race, 3 N. E. Rep., 392; May on Ins., secs. 245, 249a, 249f, 249i; Doud v. Ins. Co., 141 Pa. St., 47; Barry v. Ins. Co., 35 Hun, 601, 604, 605; Race v. Ins. Co., 29 N. E. Rep., 846; Lounsbury v. Ins. Co., 8 Conn., 459; Ins. Co. v. Wetmore, 32 Ill., 221; Ins. Co. v. Lawrence, 4 Metc. (N. Y.), 9; Kirschner v. Ins. Co., 74 Wis., 470; Ins. Co. v. Shoe Factory, 80 Pa. St., 407–412; Hinchley v. Ins. Co., 140 Mass., 38; England v. Ins. Co., 81 Wis., 583; Fitzgerald v. Ins. Co., 64 Wis., 463; Ins. Co. v. Cook, 70 Mo., 610; Herman v. Ins. Co., 85 N. Y., 163; Snyder v. Ins. Co., 78 Iowa, 146; Fesche v. Ins. Co., 74 Iowa, 672; Wood on Ins., 2 ed., p. 592, note 4, sec. 492, and cases there cited.

In the case of Lumber Company v. Insurance Company, 89 Michigan, 408, the policy provided that the company should keep a watchman on the premises, etc., or company would not be liable. The court construed the policy to mean that the company would not be liable if loss occurred owing to such failure. So does the court hold in Ridge v. Insurance Company, 9 Lea (Tenn.), 507, cited by the court. In 80 Pennsylvania State, 412, the clause in the policy was, that the policy should be void if petroleum for lighting should be used. Petroleum for lighting had been used, but was discontinued before the fire, and which was shown not to have caused the fire, held the company liable.

BROWN, ASSOCIATE JUSTICE.—The East Texas Fire Insurance Company issued to H. Kempner, upon a brick storehouse, a policy of insurance which contained the following clauses:

"Article 2. This policy shall become void unless consent in writing is indorsed by the company hereon in each of the following cases: Sec. 3. If the risk be increased by any change in the occupation of

the building or premises herein described, or by the erection or occupation of adjoining buildings, or by any means whatever within the knowledge of the assured. Sec. 4. It is a rule of this company not to insure any vacant or unoccupied building, and if any building herein described be or become vacant or unoccupied for the purposes indicated in this contract, without the consent of the company indorsed thereon, this policy shall at once become null and void, and any unearned premium on the same will be refunded to the assured on the surrender of this policy."

The house was leased by Kempner to one Northrup for two years, who, without Kempner's consent, sublet it to another for a part of the term. The subtenant moved out of the building on Saturday, and on the succeeding Wednesday another tenant moved into it, it being again sublet by Northrup, without the consent or knowledge of Kempner, who lived at Galveston. Sometime afterwards, and during this last occupancy, the house was destroyed by fire. Kempner did not know that the house was vacant. Kempner sued upon the policy, and the insurance company pleaded, among other things not necessary to notice, that the policy was rendered void by the house becoming vacant and not having the consent of the company.

Judgment was given for plaintiff below for the amount of the policy, which was affirmed by the Court of Civil Appeals.

The plaintiff in error presents the case to this court upon a number of objections to the judgment of the Court of Civil Appeals, all of which have been disposed of satisfactorily by that court, except the third, which is as follows: "The court erred in holding that the policy was not vitiated by the insured premises becoming vacant, the terms of the policy being, that if the property insured be or become vacant, the policy should at once become null and void."

The Court of Civil Appeals held that a temporary vacancy would not render the policy void, and that the vacancy in this instance was of that character.

The rule for construing a policy of insurance is, that the language used in it "must be liberally construed in favor of the assured, so as not to defeat, without a plain necessity, his claim to indemnity, which, in making the insurance, it was his object to secure. When the words are, without violence, susceptible of two interpretations, that which will sustain his claim and cover the loss must in preference be adopted." 1 May on Ins., sec. 176. It is equally well settled, that where the language is plain and unambiguous courts must enforce the contract as made by the parties, and can not make a new contract for them, nor change that which they have made, under the guise of construction. As parties bind themselves, so they must be held to be bound. Ins. Co. v. Long, 51 Texas, 92; Morrison v. Ins. Co., 69 Texas, 359.

In numerous cases it has been held that temporary absence from a dwelling house, while the household goods remain, does not render the house vacant within the meaning of such clauses in policies of insurance. This line of authority is fairly represented by Insurance Company v. Kepler, 95 Pennsylvania State, 492.

It is also held in many cases, that where the tenant has moved out and the owner or another tenant has moved into the house a part of the household goods, and is preparing to take possession, a vacancy does not occur. Eddy v. Ins. Co., 70 Iowa, 472.

A policy of insurance was issued upon a manufacturing establishment, containing a condition that in case the property became vacant or ceased to be operated the policy should become void. On account of an epidemic of yellow fever the owners ceased for a time to operate the mill, and it was held that the condition of the policy was not broken. Poss v. Ins. Co., 7 Lea (Tenn.), 704; Whitney v. Ins. Co., 72 N. Y., 118.

In Ridge v. Insurance Company, 9 Lea (Tenn.), 507, the policy provided that in case the house should become vacant the policy would be void. The tenant moved out, and in a few days the house burned. It was held that the company was not liable. In that case, however, the court said that if the house had been reoccupied before the fire it would have held that the language meant that the policy was to be void only during the vacancy.

In the case before the court the policy is exceptionally explicit and apt in the statement of the terms of liability. It is first stated, that the company will not insure vacant houses; and to enforce the rule with certainty, it is provided that if the house should become vacant or unoccupied without the consent of the company the policy shall *at once* become *null* and *void*. The words *"at once"* clearly and unmistakably express the intention that the fact of becoming vacant annulled the policy. It was not to be void for an indefinite time, nor to become void in the future, but now and forever.

This intention is rendered still more certain by the further provision that the unearned premium should, upon the surrender of the policy, be returned to the assured. The relation of assured and assurer was then and there to terminate; the business was to be closed up at once.

All business houses when vacant are so *temporarily* in the contemplation of the owner, who either intends to occupy himself or to rent to some other person as soon as he can do so. If a court can say that a condition like that contained in this policy does not include temporary vacancies, then what period will be inserted into each contract, by construction, during which the policy shall remain in force? If we can say three days, why not a month, three months, or even six months, according to the opinion of the court? Plaintiff was required to know the terms of his policy, the contract that he made, and to

know the condition of his property and to provide for its protection. This was not a duty of the insurance company.

It was lawful for the parties to make the contract embraced in this policy, and it was not unreasonable on the part of the insurance company to stipulate for exemption from liability in case of the vacancy of the building. The language used was not calculated to mislead the plaintiff; by proper attention to his affairs he would know what security the policy afforded him. The language indicates that the intention was to exclude judicial construction by making the terms unambiguous, and the court must enforce the contract as made.

The District Court and Court of Civil Appeals erred in holding that the policy did not become null upon the happening of the contingency, the vacation of the premises; reoccupancy did not revive the policy, unless the forfeiture was waived. Moore v. Ins. Co., 62 N. H., 240. The judgments of the District Court and Court of Civil Appeals are reversed, and the cause is remanded to the District Court for trial in accordance with this opinion.

*Reversed and remanded.*

Delivered June 21, 1894.

Motion for rehearing overruled October, 1894.