SOVEREIGN CAMP WOODMEN OF THE WORLD V. JOHN GRAY.

Decided June 22, 1901.

**Life Insurance—Application for—Warranties—False Statement Not Material.**

   In an application for a beneficiary insurance certificate in a fraternal order were the following questions and answers: "Have you ever been successfully vaccinated?" "No." "If not, until you are, do you waive all claims under certificate should your death result from smallpox?" "Yes." The application also stated that: "For the purposes of this application I declare and warrant the foregoing answers and statements to be correct." The certificate provided that it "shall be null and void and of no effect * * * if any of the statements or declarations in the application for membership, and upon the faith of which this certificate was issued, shall be found in any respect untrue." The applicant had in fact already been successfully vaccinated, and he died of smallpox after the certificate issued. Held, that the statement was not a warranty, and, not being material to the risk, did not avoid the policy.

Appeal from Tarrant.   Tried below before Hon. Mike E. Smith.

*Matlock, Miller & Dycus,* for appellant.

*R. C. Fuller* and *Capps & Cantey,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee sued upon a beneficiary certificate issued by the appellant for $1100 on the life of Lewis Gray, March 31, 1899, and by its terms payable to appellee. Lewis Gray died of smallpox, December 22, 1899, and the only question before us is whether the certificate is avoided by the fact that Lewis Gray, in his application for the same, falsely stated "No" to the question "Have you been successfully vaccinated?" it being undisputed that Lewis Gray had in fact been successfully vaccinated in 1889, and that his said answer was false when given.

There is no statement of facts, but in the special answer of appellant urging the false statement as a warranty, it is alleged, among other things, that the appellant order is a "fraternal benevolent association, incorporated not for the purpose of profit or gain, but in order to better the social and moral condition of humanity, and to protect its members in so far as to leave the widows, dependents, and orphans of deceased members properly provided for." The application, signed by Lewis Gray and set forth in the court's findings of fact, was for membership in Hood Camp No. 149, and the order of the Woodmen of the World, and "for participation in the beneficiary fund in case of my

death." Said application contained a number of questions and answers. not necessary to notice, but among others the ones here involved, to wit: "Have you ever been successfully vaccinated? No. If not, until you are, do you waive all claims under certificate should your death result: from smallpox? Yes." Following the answer and immediately pre-- ceding the signature, was the following: "For the purposes of this ap-- plication, I declare and warrant the foregoing answers and statements: to be correct." The certificate sued upon provides that it "shall be null and void and of no effect * * * if any of the statements or decla- rations in the application for membership, and upon the faith of which this certificate was issued, shall be found in any respect untrue."

We are of opinion that the trial court rightly held that the false statement mentioned did not operate as a waiver of all claims under said beneficiary certificate, and therefore properly gave judgment for appellee.

When the status of a statement in an application for insurance made part of a policy issued therefor has been fixed and determined as a "warranty," as that term is understood in the law of insurance, the courts seem, in some instances, to have been exceedingly strict in en-- forcing the rule that a breach of the warranty will avoid a policy of insurance so providing. Hutchinson v. Insurance Co., 39 S. W. Rep.,. 325. Says Mr. May, in volume 1, section 156, of his work on Insur- ance: "The only question is, has the warranty been kept? There is no room for construction; no latitude; no equity. If the warranty be a statement of facts, it must be literally true." This is the rule in- voked in behalf of appellant in this case. It is the preliminary ques-- tion of warranty vel non, however, that we think must be determined against appellant. "No rule," says Mr. May, "in the interpretation of a policy is more fully established, or more imperative and controlling than that which declares that, in all cases, it must be liberally construed in favor of the insured, so as not to defeat without a plain necessity his claim to the indemnity, which, in making the insurance, it was his object to secure." This language is quoted with approval by our Su-- preme Court in Insurance Company v. Kempner, 87 Texas, 229. Let us apply this rule of construction to the policy before us.

On the face of the application the answers to the questions therein propounded are not declared warranties without limitation. The lan- guage of the application is: "For the purposes of this application, I declare and warrant the foregoing answers and statements to be cor- rect." This peculiar wording becomes significant in view of the several purposes declared, and of the provision of the beneficiary certificate issued to Lewis Gray. The certificate does not provide that it shall be null and void if any of the statements in the application should be found to be untrue. It so provides as to statements or declarations "upon the faith of which" the certificate was issued. We think it fol- lows that it can not be said, as a matter of law, that every answer in

the application under consideration is a warranty in the sense that the beneficiary certificate when issued must be forfeited if, in some respect such answer shall be found to be untrue. In our judgment the contract of insurance, when construed as a whole, does not so provide. If false, to avoid the certificate it must be shown to be not only an answer relating to the insurance feature, but also one upon the faith of which the policy issued. The burden is certainly on appellant to do this, and no proof to this effect is found in the record. On the contrary we think the matters quoted, when construed as a whole, affirmatively show that the certificate did not issue upon the faith of the answer complained of. It seems unreasonable to suppose that the certificate issued "upon the faith" of an utterly immaterial statement. The very language imports that the false answer that avoids is one that in part at least influences or induces the issuance of the certificate, and hence material. In this view of the subject, as before stated, we think it perfectly apparent upon the face of the application that the false answer under consideration was utterly immaterial, and in no way induced the issuance of the beneficiary certificate, though it might have been otherwise had an affirmative answer to the same question been falsely given. The applicant was not required to waive his claim under his certificate except in the interim between making the application and the time when he should become successfully vaccinated, the privilege on the part of the applicant to do which is clearly to be inferred. When done, without notice to or further act on the part of the order, full effect is to be given the insurance certificate and the full purpose, aim and object of the question it seems to us was met and satisfied by the fact then truly existing, that Lewis Gray had theretofore been successfully vaccinated. We conclude that the contract of indemnity under consideration applies to Lewis Gray's case, and that it should be fulfilled.

Adopting the trial court's conclusions of fact, we affirm the judgment.

*Affirmed.*

Writ of error refused.