## JUNE, 1918

---

WESTCHESTER FIRE INSURANCE COMPANY v. W. M. REDDITT.

Motion No. 4270.     Application No. 10519.     Decided June 19, 1918.

**Jurisdiction of Supreme Court—Conflict of Decisions.**

The conflict of decisions contemplated by section 5, of chapter 76, construed in connection with section 2, of chapter 75, of the General Laws of 1917 (Acts, 35th Leg., pp. 140-143), is one between the decision of the Court of Civil Appeals in the case in which the writ of error is sought and some prior, not subsequent, decision of another Court of Civil Appeals or of the Supreme Court. (P. 212.)

Motion for rehearing of an application for writ of error refused by the Committee of Judges.

*Thompson, Knight, Baker & Harris* and *George S. Wright,* for applicants.

*Davis & Davis,* contra.

MR. JUSTICE HAWKINS delivered the opinion of the court.

Conflict between the decision of the Court of Civil Appeals in this case and a former decision of this court in Insurance Co. v. Kempner, 87 Texas, 229, 27 S. W., 122, was alleged in the original application for writ of error; nevertheless, said application was referred to the Committee of Judges of Courts of Civil Appeals for action thereon, this court being of the opinion that the decisions mentioned do not present conflict, in the statutory sense. The writ of error was refused by said committee.

The motion for a rehearing upon the application for the writ of error now alleges conflict between the decision of the Court of Civil Appeals in the present case and the subsequent decision of another Court of Civil Appeals in Liverpool & London & Globe Fire Ins. Co. v. Baker, 198 S. W., 632, rendered after the filing of the original application. Such conflict was alleged in a supplemental application for writ of error filed herein upon the day on which said original application was acted upon by said committee and prior to the announcement by the Supreme Court of the refusal by said committee of the writ of error; but said supplemental application seems not to have been acted upon.

Waiving all question as to the time and manner of the presentation of such alleged recent conflict in decision, and, for present purposes, treating the allegation of such conflict as having been seasonably made, we are, nevertheless, of the opinion that where, as in the present instance, the alleged conflicting opinion was rendered after the decision of the Court of Civil Appeals in the case in which the petition for writ of error is being sought, such alleged subsequent conflict in decision can not properly be considered in acting upon either the application for the writ of error or a motion for rehearing thereon. The conflict in decision contemplated by section 5 of chapter 76, when construed, as it must be, with section 2 of chapter 75, of the General Laws of 1917, is, in our opinion, one between the decision of the Court of Civil Appeals in the case in which the writ of error is being sought and some *prior* decision of another Court of Civil Appeals or of the Supreme Court.

Said original application having been referred to and acted upon by said Committee of Judges, the supplemental application and the motion for a rehearing will both be referred, likewise, to said committee.

As to whether the decision in the Baker case conflicts with said decision in the present case we express no opinion.