## HANOVER INS. CO. OF NEW YORK v. STEVENSON.

### No. 12765.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 28, 1933.

Rehearing Denied March 11, 1933.

E. G. Senter, of Dallas, for appellant.

Geo. M. Hopkins, of Denton, for appellee.

LATTIMORE, Justice.

Appellant wrote insurance to appellee on a house in Denton, originally for $4,300, which policy provided that it should be void if the property remained vacant more than ten days, and also provided for cancellation by the company on five-day notice to assured. On April 16, 1931, a fire occurred which left the building in an untenantable condition, all of which was known both to the appellant and its local agent in Denton, when on May 9, 1931, the parties by agreement reduced the insurance to $1,798. Another fire occurred on May 21, 1931, causing $235 damage. On July 26, 1931, appellant's agent Bailey, under appellant's instruction, notified Mrs. Bralley, daughter of appellee, who "was looking after his property," that he would have to cancel the insurance, and she told him she would write appellee about it and did so, who thereupon, on July 27, 1931, inquired from Kerens by long distance telephone of Bailey what was the trouble, and Bailey told him of his instructions. Appellee replied that he had "five days on it" and if the agent had instructions to cancel "I guess you'll just have to do it." On July 28th Bailey mailed his check, drawn on a Denton Bank, to appellee at Kerens, for the premium due appellee by cancellation, marked the policy "cancelled" and mailed it to appellant. Appellee received the check on July 29th and that day "cashed" it or deposited it at the Kerens State Bank. This check was en route through collection agencies via the Federal Reserve Bank at Dallas when, on July 30th, another fire occurred, which the trial court found totally destroyed the building. The check reached the Denton Bank next day but before it was paid by that bank the Kerens Bank called on long distance and asked that the Denton Bank return the check unpaid. This was done and Stevenson mailed it to Bailey who declined to accept it and the check thus remains unpaid.

On trial before the court judgment was rendered for the plaintiff and the above is taken substantially from the findings of fact made by the trial court. That assured could waive his right to five days notice of cancellation or make oral agreement of cancellation independent of such time, we have no doubt. It is plain that the notice to Mrs. Bralley was ineffectual and that all the parties recognized that she was without author-

ity to accept such notice—she by asking her father what to do about it, he by calling Bailey, and Bailey by his dealing with appellee instead of Mrs. Bralley. Mrs. Bralley and appellee testified that she had no authority other than to convey information to him and it is not controverted. We thus are brought to the telephone conversation and the check. The former has been found by the trial court to show that Stevenson did not agree to a cancellation before five days and did not understand that Bailey intended any sooner cancellation. There is evidence to sustain it.

■■ The check bore a notation, "Ret. prem. Hanover Pol. 525." Appellee does not attempt to say that he did not know it was such but neither does he say that he knew it was for a cancellation which would be effective sooner than the conclusion of the five-day period. There was no notation on the check to show the policy was already canceled, or would be sooner than five days, hence cases such as Kean v. S. W. Natl. Bank (Tex. Civ. App.) 50 S.W.(2d) 889, which hold a party bound by cashing a check with a notation on it showing acceptance of a proposition advanced by the drawer of the check, are not in point. Neither is the question of whether the drawee bank paid the check, vital. The question is what was the state of mind of appellee toward the check from its receipt by him? Did he accept the offer made by appellant to cancel on the 29th? It is entirely consistent that he believed the check to be for the amount of the return premium after the five-day notice had expired.

Bearing in mind the want of conclusive notice on the face of the check as to its full import, this check becomes a part of all the evidence—the telephone conversation, the old age of appellee, the appearance of the witnesses while testifying, and the many other items before the court—on the issue of immediate cancellation of the policy which the trial judge has resolved against such cancellation. There is no wiser rule in our procedure than that which requires us to uphold the discretion given an upright diligent trial judge in deciding disputed issues. We overrule those assignments which claim cancellation of the insurance policy before the fire.

■■ After the first fire the building was untenantable. This means more than vacant. An insurance company might well issue its policy with the ten-day vacancy clause on a vacant house and yet be heard to say that it had no reason to think the house would not be tenanted within the ten days. East Texas Fire Insurance Company v. Kempner, 87 Tex. 229, 27 S. W. 122, 47 Am. St. Rep. 199. But if the house is untenantable no such presumption could arise. It will not be tenanted until rebuilding of the insured house makes it possible. The company knew of this condition. Such "is tantamount to an assertion that the policy is valid at the time of delivery and is a waiver of the known ground of invalidity." Wagner & Chabot v. Ins. Co., 92 Tex. 549, 50 S. W. 569, 572; Assurance Co. of America v. Continental Savings Ass'n (Tex. Civ. App.) 8 S.W.(2d) 787. The evidence is sufficient to sustain the court's finding that the building was a total loss.

■ The date of furnishing proofs of loss is of no importance in fixing the date of liability on the policy. The appellant promptly denied liability on the policy and hence waived any proofs of loss. It was not necessary for appellee to have furnished them at all, for the grounds of resistance of liability had no connection with proof of loss.

All assignments have been carefully considered and are overruled, and the judgment of the trial court is affirmed.