## HUDSON INS. CO. v. McKNIGHT et al.
### No. 1300.

Court of Civil Appeals of Texas. Waco.

March 23, 1933.

Rehearing Denied April 20, 1933.

L. W. & B. D. Shepperd, of Groesbeck, for appellant.

W. M. White, of Mexia, and J. E. & B. L. Bradley, of Groesbeck, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by appellees, Dr. W. C. McKnight, Ora Etta McKnight, his wife, W. D. Freeman, and H. W. Freeman, to recover on a fire insurance policy issued by appellant, Hudson Insurance Company, to Dr. McKnight on a residence building in the city of Mexia. The lot on which the building was situated seems to have been purchased by the McKnights after their marriage. The title thereto was taken in the name of Mrs. McKnight. Dr. McKnight was indebted to the Freemans and they held a lien on the lot to secure such indebtedness. Said lot, with the improvements thereon, constituted the homestead of the McKnights. The policy sued on was for the sum of $5,000. It was issued to Dr. McKnight with a clause making loss, if any, payable to the Freemans as their interests might appear. The building covered by said policy was seriously damaged or destroyed by fire in the early morning of September 16, 1931. The sufficiency of the pleadings to raise the issues hereinafter discussed is not questioned.

The case was submitted to a jury on special issues. The jury found in response thereto, in substance, as follows:

(1) The insured building was not totally destroyed by the fire.

(2) The difference in the value of said building immediately before and immediately after the fire was $6,200.

(3) It would have required the sum of $6,200 to restore the building to the condition it was in immediately before the fire.

(4) Dr. McKnight did not burn said building nor cause it to be burned.

The court rendered judgment in favor of appellees against appellant for the sum of $5,000, with legal interest from January 25, 1932, and apportioned the recovery between the Freemans and the McKnights. There is no complaint of such apportionment.

## Opinion.

Appellant, in its third assignment, contends that the court erred in failing and refusing to submit to the jury its requested issue as follows: "Do you find from a preponderance of the evidence that the building covered by the policy sued on was allowed to become unoccupied for a period of more than thirty days prior to September 16, 1931?"

Appellant alleged that the policy sued on contained a provision, in substance, that if the insured building was a dwelling, said policy should be void if such dwelling should be or become unoccupied for a period exceeding thirty days, and that said provision was breached. The policy contained the provision so pleaded and the insured building was used by the McKnights as their family residence. Dr. McKnight testified that Mrs. McKnight left home on a visit during the first week in July preceding the fire; that he fumigated the house and closed and chinked the larger openings; that he reserved for his use during her absence one room which had an outside door, and that he slept in that room one night in every four or five from that time until the fire; that when he did so he went to such room after night and left before day; that he had a sleeping room at his office and slept there most of the time while his wife was away, but that he frequently slept there before she left. He further testified in this connection that his work frequently required his presence at the office at various hours of the night. He further testified that the house was never opened from the time his wife left until the fire, a period of about two and a half months; that his wife returned home two or three weeks before the fire but that they stayed at Mrs. Chitwood's, which he stated was their former home. Mrs. McKnight testified she had not been at the house since she left on her visit; that the reason was that it would have to be opened up. Both Dr. McKnight and his wife testified that the bedroom in which he testified he had slept from time to time during her absence was without light and that neither toilet nor bath was available. Dr. McKnight testified that he slept in said room the night before the fire but that he left the same and returned to his office between 4 and 5 o'clock in the morning. Several neighbors testified in the case and none of them recalled having seen Dr. McKnight in the house or on the premises after his wife left on her visit.

A dwelling is occupied when it is in actual use by human beings, who are living in it as a place of habitation, and it is "unoccupied" when it has ceased to be a customary place of habitation or abode. 3 Cooley's

1090

Briefs on Insurance, p. 2571 et seq.; 26 C. J. p. 213, § 259; 14 R. C. L. p. 1103, § 282; East Texas Fire Insurance Co. v. Kempner, 87 Tex. 229, 236 et seq., 27 S. W. 122, 47 Am. St. Rep. 99; Fidelity Union Fire Ins. Co. v. Pruitt (Tex. Com. App.) 23 S.W.(2d) 681, 683, par. 6; Liverpool & London Globe Ins. Co. v. Baker (Tex. Civ. App.) 198 S. W. 632, 634; National Union Fire Ins. Co. v. Richards (Tex. Civ. App.) 278 S. W. 488, 489, par. 1. The purpose of requiring occupancy of an insured building is that some one shall have such care and supervision thereof as will naturally result in protecting it from loss by fire. 26 C. J. 212, 213, par. 258, and authorities cited in note 79. The authorities recognize that continuous occupancy of a dwelling as such is improbable and on occasions practically impossible, so where a policy provides for a forfeiture immediately upon the building's becoming unoccupied, the courts have sometimes been inclined to ameliorate such rigorous provision by holding that a forfeiture for a mere temporary failure of occupancy was not within the contemplation of the parties. A number of such cases were cited and considered by our Supreme Court in East Texas Fire Insurance Company v. Kempner, supra. The court, however, in that case held that a proper construction of the policy would control. The policy sued on in this case fixes the period of permissible nonoccupancy generally at thirty days. Such provision excludes any reasonable contention that so-called temporary nonoccupancy might extend beyond such limit without the resulting forfeiture as stipulated in the policy. East Texas Fire Insurance Company v. Kempner, supra; Liverpool & London Globe Ins. Co. v. Baker, supra.

■ Occupancy or lack of occupancy can, of course, be proved by circumstantial as well as direct and positive evidence. The circumstances shown by the testimony above recited are ample to raise an issue of whether the house was unoccupied continuously from the time Mrs. McKnight left until the fire, a period of approximately seventy-five days. Appellees, to avoid the force and effect of such circumstances, rely solely on the direct testimony of Dr. McKnight that he slept in said particular room in the house one night in every four or five. The general rule for determining whether the court erred in refusing to submit an issue on the ground that the same was not raised by the evidence is that the appellate court must consider the evidence in the most favorable aspect for the party requesting submission, disregarding all evidence to the contrary. Williams & Chastain v. Laird (Tex. Civ. App.) 32 S.W.(2d) 502, 505, par. 1 (writ refused), and authorities there cited. Dr. McKnight was a party to the suit and vitally interested in the result thereof. His credibility and the weight to be given his testimony were, under the facts in evidence in this case, jury questions. Goodrich v. Pan-

dem Oil Corp. (Tex. Com. App.) 48 S.W.(2d) 606, 609, par. 3; Thraves v. Hooser (Tex. Com. App.) 44 S.W.(2d) 916, 921, par. 4, and authorities there cited. The jury had a right to accept and credit so much of his testimony as was favorable to appellant and to reject and disregard so much thereof as was adverse to its contention. General Motors Acceptance Corporation v. Killingsworth (Tex. Civ. App.) 54 S.W.(2d) 266, 268; 17 Tex. Jur. 930, and authorities cited in notes 19 and 20. The jury, in passing upon the issue requested, had it been submitted, would have had a right to accept and credit so much of the testimony as tended to show lack of actual occupancy of the building during the period under consideration, and to reject Dr. McKnight's testimony that he slept there one night out of every four or five during such period. The testimony raised a jury issue with reference to whether said building was unoccupied, within the meaning of that term as used in the policy, for a period exceeding thirty days prior to the fire, and the court erred in refusing appellant's request to submit such issue to the jury for determination.

■ Appellant, in its ninth and tenth assignments of error, contends that the court erred in permitting one of appellees' attorneys to make certain statements in his argument to the jury, and in overruling its objection thereto. The extent of damage to the insured building was a contested issue. Appellant's witness Bert Hewitt testified that he was a carpenter and contractor and had been so engaged for many years; that he had examined the burned building and had made an estimate of the reasonable cost of repairs necessary to restore the same to the condition it was in before the fire; and that the cost thereof would be approximately $3,500. One of appellees' attorneys, in closing the argument in the case, said: "Mr. Hewitt went up there and made an examination and bid for the insurance company. I know Bert Hewitt is not any more of a contractor than a snake is a thousandleg. He is just a carpenter, working around when he can get a job. He worked on my house some. I have had him work for me lots of times. He said he was a contractor on the Cayton job. He didn't have any contract on the Cayton house. He just had a contract to work on the house."

None of the facts so stated were in evidence. Appellant objected to said argument on various grounds, among which was included the specific objection that such statements of the attorney constituted in effect unsworn testimony before the jury, all of which objections were overruled. The argument complained of was subject to such specific objection. Texas & N. O. R. Co. v. Harrington (Tex. Civ. App.) 98 S. W. 653, par. 7; Brown Cracker & Candy Co. v. Castle (Tex. Civ. App.) 26 S.W.(2d) 435, 439, par. 9; Cooke-Teague Motor Co. v. Johnson (Tex. Civ. App.)

50 S.W.(2d) 399, 400, par. 1; Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169, 178, par. 28; Dallas Railway & Terminal Co. v. Smith (Tex. Civ. App.) 42 S.W.(2d) 794, 795, par. 2; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662, 665, par. 9. The jury found, in substance, that the reasonable cost of restoring the building to the condition it was in before the fire would be $6,200, which was nearly twice the amount of the estimate made and testified to by said witness.

Appellant alleged that the insured burned the building covered by the policy sued on, or caused it to be burned, and denied liability on that ground. The statement of facts contains approximately 500 pages. A large part of the testimony included therein bears directly or indirectly on this issue. The court submitted such issue to the jury for determination and they answered the same in the negative. One of appellees' attorneys, in closing the argument in the case, said: "Remember, gentlemen, if you answer this special issue 'yes', that arson is a crime, and that is what is charged against Dr. McKnight in this cause, and remember that if you answer this special issue 'yes', you caused him to be sent to the penitentiary. It is better that ninety-nine guilty men escape than that one innocent man be convicted. This is an old adage and it is true now as it ever was, and that is what you are doing if you find that he burned his house."

Appellant objected to said argument on various grounds, among which were the specific objections that this was not a criminal case; that an affirmative answer to such issue would not send Dr. McKnight to the penitentiary; and that the jury were not supposed to know nor consider the effect of their answer to such issue, all of which objections were overruled. The argument was subject to the objections so urged. It not only embodied an erroneous proposition of law, but it invoked a negative answer to the issue under consideration out of concern for Dr. McKnight's continued liberty and safety. Statements in argument of erroneous propositions of law, when material to the issue under discussion, and appeals to sympathy, are generally held improper. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765, 766, par. 1, and p. 768, par. 6; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213, 216 et seq., pars. 4 and 5; Behringer v. South Plains Coaches (Tex. Com. App.) 13 S.W.(2d) 334, 336, par. 6; Southwestern Telegraph & Telephone Co. v. French (Tex. Civ. App.) 245 S. W. 997, 1003, par. 16 (writ refused); McMahan v. City of Abilene (Tex. Civ. App.) 8 S.W.(2d) 554, par. 2; Houston & T. C. R. Co. v. Clement Grain Co. (Tex. Civ. App.) 295 S. W. 234, 235, par. 3; Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169, 178, pars. 26 and 27. Improper argument requires reversal of a judgment if under all the circumstances there is any reasonable doubt of the harmful effect thereof. Whether there is such doubt is a question of law and not of fact. Tabor v. McKenzie (Tex. Civ. App.) 49 S.W.(2d) 874, 879, pars. 10 and 11, and authorities there cited. We cannot say that the arguments complained of by appellant in said assignments were clearly without harmful effect.

Appellant, in several other assignments, contends that the court erred in permitting appellees' attorneys to make certain other statements in their respective arguments to the jury. Since the judgment will be reversed for the errors above discussed, consideration in detail of such other assignments is not deemed necessary. The particular combination of circumstances which evoked each of such arguments will not necessarily occur upon another trial, but if any such combination does occur, any reasonable objection to the argument made thereon can be easily avoided.

Appellant, in its fourth assignment, contends that the court erred in refusing to submit its requested issue with reference to the keeping of certain inflammables in the insured building. Should the testimony on another trial raise such issue, it should be submitted in appropriate form.

The judgment of the trial court is reversed and the cause remanded.