### HANOVER INSURANCE COMPANY OF NEW YORK V. G. W. STEVENSON.

No. 6509.   Decided February 12, 1936.
Rehearings overruled April 8, 1936.
(90 S. W., 2d Series, 822.)

*E. G. Senter,* of Dallas, for plaintiff in error.

It was error for the court to render judgment for plaintiff because the undisputed proof showed that the policy of insurance in controversy had been cancelled prior to the fire by agreement of the parties and was not in effect at the time of the fire, and that insurer had, prior to the fire, accepted from the insurer a check for the returned premium, which he did not return until after the fire.   Root & Fehl v. Murray Tool

Co., 26 S. W. (2d) 189; Osage Oil Corp. v. McGuire, 45 S. W. (2d) 249; Kean v. S. W. Natl. Bank, 50 S. W. (2d) 839.

*Geo. M. Hopkins,* of Denton, for defendant in error.

Under the terms of the policy insured should have had five days notice of intention to cancel the policy, and the proof showed that no effort was made on the part of the company to cancel the policy except to write to its local agent to arrange for the cancellation of the policy unless insurer intended to rebuild his house, and that said agent called the insured's daughter and gave her this information, and that she promised to notify her father, and that the agent mailed his check to insurer, who first deposited same in bank, but later withdrew same and returned it to the agent. Phoenix Ins. Co. v. Munger, 92 Texas, 297, 49 S. W., 222; Great Am. Ins. Co. v. Ray & Sons, 15 S. W. (2d) 223; Gulf Ins. Co. v. Beckville Rural High School Dist., 38 S. W. (2d) 828.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

On January 9, 1931, the Hanover Insurance Company, hereinafter called the insurance company, issued to G. W. Stevenson a fire insurance policy for the term of one year, on a certain dwelling house belonging to Stevenson in the City of Denton. The premium was paid at the time. This suit was brought by Stevenson on the policy, for the loss of the building by fire, and in the trial court the case was tried before the court, without a jury, resulting in a judgment for Stevenson. The judgment has been affirmed by the Court of Civil Appeals. (58 S. W. (2d) 1096). The case is here on writ of error.

The building burned July 30, 1931. The insurance company contends that the judgment of the trial court is erroneous for the reason that the testimony conclusively shows that, a short time before the fire, the policy was cancelled by agreement between Stevenson and the insurance company's agent, and therefore was not in force at the time of the fire. The force of this contention depends on whether or not the following facts shown in testimony afford a legal basis for the fact finding by the trial court to the effect that the policy, at the time of the fire, had not been cancelled by agreement as claimed by the insurance company. The following facts appear in testimony:—

The policy contains provisions which read as follows:

"This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days notice

of such cancellation. If this policy shall be cancelled as hereinabove provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by the company, by giving notice, it shall retain only the pro rata premium."

W. T. Bailey was the local agent at Denton for the insurance company. He possessed the general authority which usually pertains to that position. He issued the policy in question and Stevenson left same with him for safe keeping, and the policy was in his possession at the times hereinafter mentioned, except when he sent same to the general agents of the company as hereinafter shown. Stevenson lived in Kerens, Texas. Floyd West & Company, with offices in Dallas, Texas, were the general agents for the insurance company. Several months before July 30, 1931, the insured property had been partially destroyed and had never been rebuilt. On July 24, 1931, Bailey received a letter from Floyd West & Company telling him that the company desired to carry the risk no longer, and instructing him "to make arrangements for the cancellation of this policy."

Mrs. Braley is the daughter of Stevenson. She lives in Denton. On the day Bailey received the letter from Floyd West & Company he called Mrs. Braley by telephone and requested her to come to his office. In compliance with the request, she went to Bailey's office and, according to the testimony of Bailey, the following conversation ensued:—"I showed her the letter and told her I would have to cancel the policy unless her daddy was going to rebuild. She said 'I will write daddy or phone him.' And I told her she had plenty of time and that she could just write him. And I understand she did." She wrote the letter to her father and he received it at Kerens on July 27. That night Stevenson called Bailey by telephone and told of receiving the letter from his daughter and wanted to know of Bailey the reason for the company's wanting to cancel the policy. Bailey told him that he would have to cancel the policy unless Stevenson was going to rebuild. The latter said he was not going to rebuild. He asked Bailey if he was not entitled to five days notice, and upon Bailey answering in the affirmative, said "I want to hold to it." He further said to Bailey, "if you say so, I guess you will have to cancel it." The next day, July 28, 1931, Bailey marked the policy as cancelled and sent it to the insurance company, and mailed to Stevenson, at Kerens,

a check for $12.35. He testified further, with reference to the telephone conversation with Stevenson: My understanding was that I was to cancel the policy." The check which Bailey sent to Stevenson was drawn by the former against the First State Bank at Denton. He had ample funds on deposit in said bank to meet the check. The check was payable to Stevenson and bore the notation "Ret. Prem. Hanover Pol. No. 525." On receiving the check, Stevenson, on July 29th, deposited same in the bank at Kerens. The bank either gave him the $12.35 in cash or gave him credit for that amount on the books of the bank. The check was forwarded to the Denton bank through a bank at Dallas and the Federal Reserve Bank at Dallas. After the fire occurred but before the Denton Bank honored the check, the Kerens bank telephoned the Denton bank to return the check. In compliance with this request the Denton bank returned the unpaid check to the Kerens bank, and a few days later Stevenson sent the check back to Bailey who refused to accept it and so notified Stevenson. The check remains unpaid. Bailey testified that the $12.35 for which the check was drawn was the amount of unearned premium computed on a pro rata basis. The record does not contain any positive evidence of the fact that the sum of $12.35 for which the check was drawn includes any part of the premium for the five days that elapsed after July 27th. Except as same might be inferred from circumstances appearing in testimony as hereinabove stated, such fact is not disclosed.

■ We find no difficulty in concluding that the state of facts shown above affords legal basis for the implied fact finding by the trial court that Stevenson did not waive the five days notice or consent for the policy to be cancelled by the company except in accordance with the terms of the policy. Counsel insists that the facts show an acceptance by Stevenson of the check for the return premium. Grant that this is so, still it could not be said, as a matter of law, that, under the circumstances, he must have known at the time that Bailey would undertake to cancel the policy before five days expired.

■ The insurance company contends further that the testimony conclusively shows that Mrs. Braley was the agent of Stevenson with authority to receive notice of the company's purpose to cancel the policy. It is true that Mrs. Braley and Stevenson both testified that the former was "looking after the business" of the latter in Denton, but both explained that she had no general authority to represent Stevenson in business trans-

actions. It does not appear in testimony that she had authority to represent Stevenson in respect to any insurance policies. The testimony of Bailey, himself, hereinabove set out, tends to show that he did not regard her as Stevenson's agent with authority to receive notice on behalf of Stevenson respecting the cancellation of the policy in question. Besides, the cancellation, according to the notice he gave her, depended on her father's decision not to rebuild. Plainly she was not authorized to make the decision for her father.

The insurance company makes numerous other complaints respecting the trial court's judgment. In each instance the ground of complaint is to the effect that the judgment in an essential particular, which is specified, is wanting in fact foundation. We have duly examined the record and find that, except in the respect now to be discussed, all of said complaints are without merit.

■ The policy in question provides for proof of loss, and further provides in effect that the claim shall not become payable until sixty days after the proof of loss is made. Proof of loss was duly prepared by Stevenson, in accordance with policy requirements and same was submitted to the company on September 8, 1931. The judgment for Stevenson, which the trial court rendered, is for the sum of $1598.00 with six per cent interest from September 10, 1931. The trial court found, as a fact, that on the last mentioned date the company denied liability under the policy. We have found no testimony in the record upon which this fact finding can be based. There is no evidence to support the finding. In this situation, nothing appears to show that liability of the company to pay the claim matured before sixty days elapsed after the proof of loss was submitted to the company. For this reason the judgment of the trial court is erroneous in the respect that interest for the sixty day period is awarded. In this respect the judgment of the trial court is reversed and reformed so as to allow Stevenson the recovery of the sum of $1598.00, together with interest thereon, at the rate of six per cent per annum, from November 8, 1931. As so reformed, the judgment of the trial court, and that of the Court of Civil Appeals affirming same, are affirmed. It is ordered that all costs incurred in the last mentioned court and in this court be taxed against the defendant in error, Stevenson.

Opinion adopted by the Supreme Court February 19, 1936.
Motions for rehearing overruled April 8, 1936.