**AIG AVIATION (TEXAS), INC. and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Petitioners,**

v.

**HOLT HELICOPTERS, INC., Respondent.**

No. 06–0484.

Supreme Court of Texas.

Jan. 11, 2008.

Rehearing Denied April 9, 2008.

---

**1.** *Fortis Benefits v. Cantu,* 234 S.W.3d 642, 649 (Tex.2007).

**2.** *Fiess v. State Farm Lloyds,* 202 S.W.3d 744, 746 (Tex.2006).

Thomas C. Wright, Richard Russell Hollenbeck, Wright Brown & Close, LLP, Houston, Thomas B. Alleman and Fred Meier, Winstead Sechrest & Minich, P.C., Dallas, TX, for Petitioner.

Beth W. Squires, Law Office of Beth Squires, San Antonio, Jon C. Kettles, The Kettles Law Firm, Dallas, and Michael C. Boyle, Langley & Banack, Inc., San Antonio, TX, for Respondent.

**On Motion for Rehearing of Petition**

Rehearing of petition for review denied.

Justice WILLETT, dissenting from the denial of the motion for rehearing of the petition.

This Court has held—recently and repeatedly—that insurance contracts should be enforced according to their express terms:

- Healthcare insurance contracts—we enforce them as written.[1]

- Homeowners insurance contracts—we enforce them as written.[2]

- Commercial general liability insurance contracts—we enforce them as written.[3]

Not so with aviation insurance contracts. In *Puckett v. U.S. Fire Insurance Co.,* we engrafted a causal-connection requirement into the policy, requiring the insurer to show that the insured's breach actually

**3.** *Lamar Homes, Inc. v. Mid–Continent Cas. Co.,* 242 S.W.3d 1, 8 (Tex.2007).

caused the damage or accident.[4] The Court held that while the policy unequivocally suspended coverage if there was no valid airworthiness certificate, public policy nonetheless trumped the contract's express terms and barred the insurer from denying coverage if the insured's violation of the aircraft-inspection requirement did not contribute to the crash.[5] In short, *Puckett* granted an unbargained-for expansion of coverage in the face of a bargained-for exclusion from coverage.

*Puckett's* judicial rewriting of the parties' contract clashes head-on with our "modest, text-based approach" to interpreting contract language.[6] As we have stressed, Texas courts must stick to what policies say, not what we wish they said.[7] I agree with Chief Justice Pope's spirited dissent in Puckett: "Courts are not in the business of writing insurance contracts. Our duty is to apply unambiguous contracts as they are written."[8] We should either (1) overrule Puckett, (2) distinguish it,[9] or (3) explain forthrightly why we insist on applying a hazy, public policy-based interpretive standard to aviation insurance contracts (an area where public safety concerns should urge hard-and-fast enforcement of safety-related provisions).[10]

*Puckett's* nontextual approach is starkly at odds with our insurance decisions generally, and with most American jurisdictions' aviation-insurance decisions specifically.[11] The Court should join the mainstream, not grant aviation contracts their own interpretive jet stream. Because "we should strive for uniformity" in giving effect to unequivocal contract terms,[12] we should not apply one enforcement rule to aviation contracts and a different enforcement rule to all other contracts.

4. 678 S.W.2d 936, 938 (Tex.1984).

5. *Id.*

6. *Fortis Benefits*, 234 S.W.3d at 649.

7. *Fiess*, 202 S.W.3d at 753 ("[I]n construing insurance policies where the language is plain and unambiguous, courts must enforce the contract as made by the parties, and cannot make a new contract for them, nor change that which they have made under the guise of construction." (internal quotations omitted) (quoting *E. Tex. Fire Ins. Co. v. Kempner*, 87 Tex. 229, 27 S.W. 122, 122 (1894))); *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex.1995) ("The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument."); *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex.1980).

8. 678 S.W.2d at 940 (Pope, C.J., dissenting).

9. Justice Duncan's dissent in the court of appeals distinguished *Puckett* persuasively, pointing out how the policy exclusion in the instant case (requiring a minimum level of pilot experience) represented the "basis of the bargain," while the missing airworthiness certificate in *Puckett* was deemed (inaccurately, in my view) a mere "technicality." 198 S.W.3d 276, 288 (Duncan, J., dissenting).

10. The anti-technicality statute—which forgives an insured's breach or violation of the insurance policy unless it "contributed to cause the destruction of the property"—is facially inapplicable because it applies only to fire and personal property insurance, not to aviation insurance. TEX. INS.CODE § 862.054.

11. *See generally* Noralyn O. Harlow, Annotation, *Aviation Insurance: Causal Link Between Breach of Policy Provisions and Accident as Requisite to Avoid Insurer's Liability*, 48 A.L.R.4th 778, 783 (1986) ("Most courts have agreed with the general rule that a causal link between the breach and the accident need not be proved where policy requirements relating to pilots are violated.").

12. *Fiess*, 202 S.W.3d at 752.

I would decide the case, and because the Court declines to do so, I respectfully dissent.