C. M. HARRISON, RECEIVER, v. FRED ILGNER.

No. 6403.

1. **Guardian Sale—Approval.**—A guardian sale of personal property under order of court is not completed unless the sale was confirmed by the court.

2. **Same—Equities.**—In such sale the purchaser paying the purchase money and receiving the possession of the property, the purchase money having been applied to the payment of valid claims against the wards of the guardian, when sued for the property can set up the facts, his payment of the purchase money and its application to the debts, and compel an adjustment of his equities by having his money returned, or by being subrogated to the rights of the creditors whose debts were discharged with the money.

3. **Pleadings—Practice.**—It was error to sustain exceptions to the special answer setting up the facts and asking relief, but it was also error after striking out the answer to admit the facts in evidence under the general denial.

4. **Claims Against the Estates of Minors.**—Where the guardian knows a claim against his wards to be just an affidavit to the claim is not essential to its allowance and approval.

5. **Damages.**—If the value of the annual clips of wool be proved as a means of ascertaining the damages for withholding a flock of sheep from the owner the defendant would be entitled to plead and show the expenses of keeping the sheep, shearing them, and marketing the wool; that is, to show all the expenses incident to the production of the wool.

APPEAL from Val Verde. Tried below before Hon. Winchester Kelso. The opinion states the case.

*H. C. Carter*, for appellant. — 1. The court erred in allowing defendant to introduce in evidence a claim against plaintiff's estate in favor of Roach & Moye for $1633.82, first, because it appeared by said claim that the prerequisite affidavit had not been made by Roach & Moye or their agent as to the justness of the claim before its approval by the guardian and county judge; second, because said claim was in nowise admissible, under simple general denial pleaded by defendant, to prove a benefit received by plaintiff's estate from purchase money paid by defendant. Rev. Stats., arts. 2622, 2477, 2018, 2021; Birdwell v. Kaufman, 25 Texas, 189; Walters v. Prestidge, 30 Texas, 66; Gillmore v. Dunson, 35 Texas, 436; Converse v. Sorley, 39 Texas, 515.

2. Even though the claim was a valid judgment against appellant's

estate appellee could not introduce same in evidence under a general denial. Mims v. Mitchell, 1 Texas, 443; Guess v. Lubbock, 5 Texas, 535; Banking Co. v. Stone, 49 Texas, 4; Life Ins. Co. v. Davidge, 51 Texas, 244; 1 Chitty on Plead. (16 Am. ed.), p. 55, and notes 1, 2; Id., 2 ed., pp. 635–638; Steph. on Plead. (Heard), pp. 154–160, and note 19.

3. The court erred in rendering a general judgment for defendant, thereby divesting plaintiff's title to the sheep, without an order of confirmation by the Probate Court, for without a confirmation or recognition of the sale in some manner by the Probate Court title could not be taken out of appellant's estate. Rev. Stats., arts. 2590–2595; Davis v. Stewart, 4 Texas, 223; Yerby v. Hill, 16 Texas, 377; Neill v. Cody, 26 Texas, 286; Littlefield v. Tinsley, 26 Texas, 353; Wells v. Miller, 22 Texas, 302; Calloway v. Nichols, 47 Texas, 327; Robertson v. Johnson, 57 Texas, 62; Freem. on Void Jud. Sales, sec. 43; Pool v. Ellis, 1 So. Rep., 725; Ellswood v. Northrop, 12 N. W. Rep., 590.

No brief on file for appellee.

GAINES, ASSOCIATE JUSTICE.—Appellant having been appointed under the provisions of article 2514 of the Revised Statutes receiver of the estates of the minors J. G., F. L., Eleanor, Mary, and Annie Griner, brought this suit to recover of appellee 2500 sheep and their increase, alleged to be the property of the minors, or the value of such sheep, together with the value of their wool from the time appellee took possession of them.

The defendant pleaded a general denial, and also specially answered that he bought the sheep of one J. T. Robinson, a former guardian of the minors, who sold the same to him by virtue of an order of the County Court; that he paid the guardian the purchase money of the sheep, which was applied to the payment of allowed and approved claims against the estate of his wards. He prayed a judgment for the sheep, and in the alternative that if this could not be granted that he be subrogated to the rights of the creditors whose claims his money had paid, and that he have judgment therefor, and that said judgment be made a charge upon the property.

Exceptions to the special answer were sustained and the defendant went to trial upon the general denial. Upon the hearing defendant was allowed to prove the facts alleged in his pleading to which the exception had been sustained. The plaintiff objected to the evidence on the ground that it did not appear that the claims which the defendant's money went to discharge had been authenticated by the statutory affidavit, and upon the further ground that the evidence was not admissible under a general denial.

We are of opinion that there was error in the ruling of the court. The

evidence showed that the County Court had duly ordered the sale and that it had been duly made, but it also showed that the sale had never been confirmed by the court. This was necessary to pass the title. Rev. Stats., art. 2593.

It was not essential to the validity of the claims which the defendant sought to establish in his defense that they should have been authenticated by the affidavit of the holders. Article 2621 of the Revised Statutes provides that "a guardian may pay any claim against the estate of his ward which he knows to be just without the authentication thereof." The next article contains this language: "The guardian shall not allow and the court shall not approve any claim except as is provided in the preceding article unless it be accompanied by an affidavit of the claimant," etc. This clearly indicates that where the guardian knows that a claim is just no affidavit is essential to its allowance and approval. The presumption would seem to be, if no affidavit appears and the claim has been allowed and approved its justness was within the knowledge of the guardian. The evidence in this case tends to show that the claims under consideration were contracted by the guardian on account of the estate of his wards, and the fact that he paid them indicates that he knew them to be just. The facts then were that the sale of the sheep was invalid for the want of a confirmation by the County Court, but the purchase money had been applied in the payment of established claims against the minors' estate. The title to the property therefore remained in the minors, and the appellant as the receiver of their estate had the right to recover it, subject to the purchaser's claim to be reimbursed for the purchase money. G. H. & S. A. Ry. v. Blakeney, 73 Texas, 180.

We think, therefore, that the defendant's special answer set up a good counter-claim to the action, and should not have been stricken out upon exception; but the exception having been sustained, we think the facts alleged in that pleading were not admissible under the general denial.

What has been said we deem sufficient to dispose of the other assignments of error in the case. If the same facts should be proved upon another trial under proper pleadings the plaintiff would be entitled to a judgment for the sheep and damages for their detention, upon condition, however, that within a reasonable time, to be fixed by the court, he pay the defendant the amount of the purchase money paid by him and applied in payment of valid claims against the minors' estate, together with interest thereon. Or if the property can not be found the plaintiff should have judgment for the value of the sheep and damages for their detention, less the amount of the purchase money so paid with interest. In order to prove the damages for the detention of the property by showing the value of the successive clips of wool, it will be necessary to show the expense of keeping and shearing the sheep and of marketing the wool. The net value of the product after deducting all the expenses of

producing it would be the measure of the damages on this account; and it might plausibly be argued that if the plaintiff seeks to show his damages for the detention of the sheep by proof of the value of the wool, he should show not merely the gross value of the product but also the expenses incident to its production. But the facts as to the expense of keeping the sheep and preparing the wool for market being peculiarly within the knowledge of the defendant, we are of opinion that it would be proper for him to plead the facts if he would avail himself of them by introducing them in evidence upon another trial.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 21, 1889.