FIREMAN'S FUND INS. CO. v. WILSON.
(No. 812—4475.)

(Commission of Appeals of Texas, Section A. June 9, 1926.)

1. Chattel mortgages ⊛=262(1).

Sale of mortgaged personalty is void unless there is strict compliance with terms of instrument defining power of sale and method of its execution.

2. Chattel mortgages ⊛=262(1)—Sale by mortgagee's attorney in absence of mortgagee under mortgage conferring power of sale, with no provision for delegation of such power, held void.

Sale by chattel mortgagee's attorney in absence of mortgagee under mortgage conferring power of sale, with no provision for delegation of such power, *held* void, since person on whom such power is conferred must be present.

3. Chattel mortgages ⊛=262(1).

Sale of building mortgaged as personal property to satisfy mortgage debt was void when made at courthouse door, instead of place where building was situated, as provided in mortgage.

4. Insurance ⊛=282(11)—One holding undivided interest in building as member of partnership, and who also had chattel mortgage, held not sole owner within policy terms.

One holding undivided interest in building as member of partnership which owned it, and who also had lien thereon under chattel mortgage, *held* not unconditional and sole owner within terms of fire insurance policy.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by J. W. Wilson against the Fireman's Fund Insurance Company. Judgment for defendant was reversed and rendered by the Court of Civil Appeals (274 S. W. 176), and defendant brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

Pinkney Grissom and Thompson, Knight, Baker & Harris, all of Dallas, for plaintiff in error.

W. H. Graham, of Dallas, for defendant in error.

HARVEY, P. J. The Community Mill & Elevator Company, during the period covered by the events hereinafter mentioned, was a partnership operating under a trust agreement, which in legal effect made all stockholders in the company partners. A. G. Fullerton, A. W. Thomley, and J. E. Scott were the trustees with power to manage and control the affairs of the company. On January 6, 1920, the company owned a certain building situated on certain leased premises under conditions constituting the building personal property. On that date the company borrowed the sum of $2,000 from said Fullerton and duly executed its promissory note therefor. The note was payable to Fullerton and matured April 1, 1920. For the purpose of securing the payment of said note, the company duly executed a chattel mortgage on the building above mentioned. Said chattel mortgage contained a provision to the effect that if the said company should make default in payment of said note at maturity, "the said A. G. Fullerton or his assigns are hereby authorized to enter upon the premises where the said property may be, and sell the same, where it is situated, at public auction or private sale, with or without further notice," and apply the proceeds of such sale to payment of said note, etc.

When said note became due it was not paid. Thereupon A. G. Fullerton, the holder of said note, instructed his attorney, one Graham, to make sale of said building under said chattel mortgage, at public auction, at the courthouse door of Dallas county, for the purpose of satisfying said note. Graham sold said building at public auction on October 30, 1920, and bid same in for said A. G. Fullerton for the sum of $2,000, and Fullerton thereafter executed a bill of sale to himself for said building, and credited the amount of said bid on the indebtedness represented by said note. Said sale at public auction was made by Graham at the courthouse door of Dallas county, and not on the premises where said building was situated; and Fullerton was not present at the time and place such sale was made. There is no suggestion of fraud or bad faith by Fullerton or his attorney in their efforts to foreclose said mortgage. The company was insolvent at the time of the sale. After said sale was made and Fullerton had taken possession of the said property, the plaintiff in error issued to him a fire insurance policy, in the sum of $1,500, covering said building. Shortly afterwards, the building burned. Proof of loss was duly made and plaintiff in error refused payment. After the loss, Fullerton assigned his claim under the policy to J. W. Wilson, the defendant in error, who brought this suit for the recovery of the amount of the policy. The plaintiff in error, by appropriate pleading, interposed a special defense based upon the following clause or condition contained in said policy, to wit:

---

⊛=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"This entire policy, unless otherwise indorsed hereon or added hereto, shall be void * * * if the interest of the insured in the property be other than unconditional and sole ownership."

The record does not show a waiver of the condition embodied in this stipulation.

On the trial before the court without a jury, the court sustained such special defense and rendered judgment for the plaintiff in error. From said judgment the defendant in error appealed to the Court of Civil Appeals, which court reversed the judgment of the trial court and rendered judgment for the defendant in error. 274 S. W. 176. The case is now before us on writ of error.

The question to be determined here is whether or not, under the facts of this case, A. G. Fullerton, at the time of the issuance of the policy or at the time of the fire, was the unconditional and sole owner of said building. Excepting his undivided interest in the building, as a partner in said company, Fullerton held no right of ownership other than such as may have emanated from said sale that was made by Graham.

[1] The general rule is well settled in this state to the effect that a power to sell mortgaged property in satisfaction of the indebtedness secured by the mortgage must be executed in strict accordance with the terms upon which such power is granted. A compliance with all the required conditions for the execution of the power is a necessary prerequisite for the existence of the power itself. Any sale that is attempted to be made, without a strict compliance with the terms of the instrument defining such power and the method of its execution, is unauthorized and void. Michael v. Crawford, 108 Tex. 352, 193 S. W. 1070.

[2] Whenever a power of sale is conferred upon another by the terms of a mortgage, and no provision is made for the delegation of such power, a valid sale cannot be made at public auction under the power, unless the person upon whom the power is conferred is personally present at the time and place the sale is made. The execution of such power involves a personal confidence and trust, and cannot be delegated without authority from the mortgagor. The sale made by Graham, without Fullerton being present at the time and place of sale, was void. Fuller v. O'Neil, 69 Tex. 349, 6 S. W. 181, 5 Am. St. Rep. 59; Michael v. Crawford, supra.

[3] The sale was void for another reason. It was not made at the place specified in the mortgage. This was such a departure from the prescribed conditions for the execution of the power as to render the attempted sale void. Boone v. Miller, 86 Tex. 74, 23 S. W. 574.

[4] Because the sale was void, Fullerton acquired no rights, either legal or equitable, in the property by means of said sale. The rights of the parties in the property continued to stand as they did before the ineffectual sale. Fullerton's rights and interest in the property remained the same as before. He held the property jointly with his partners in the company, with the additional right in himself of lienholder under his chattel mortgage. His interest in the property, therefore, was not, at the time of the issuance of the policy or of the destruction of the building by fire, an unconditional and sole ownership within the meaning of the clause of the policy which we have quoted. Therefore the policy was, by its terms, avoided; and the plaintiff in error is not liable thereunder. 26 Corpus Juris, pp. 178, 179.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and rendering judgment for the defendant in error be reversed, and the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.