## GIRARD FIRE & MARINE INS. CO. v. WINFREY.

### No. 2397.

Court of Civil Appeals of Texas. El Paso.

March 27, 1930.

Rehearing Denied April 10, 1930.

E. G. Senter, of Dallas, for appellant.

Austin C. Hatchell and John Davis, both of Dallas, for appellee.

WALTHALL, J.

A. A. Winfrey, appellee, brought this suit against the appellant, Girard Fire & Marine Insurance Company, to recover upon a policy of insurance in the sum of $1,000, issued by appellant, insuring against loss by fire certain household furniture situated in a build-ing at 1511 Vermont street in the city of Dallas, Tex., the petition alleging that on September 8, 1928, while the policy was in force the household furniture, described in the policy, was damaged by fire in the sum of $1,966.90.

The principal defense under the policy presented is based upon the following provisions contained therein, viz.: "This entire policy shall be void if the insured has concealed or misrepresented in , writing or otherwise any material facts or circumstances concerning the insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein."

Also: "This entire policy, unless otherwise provided by agreement endorsed herein or added hereto shall be void if the interest of the insured in the property be other than unconditional and sole ownership."

The answer of appellant alleges: That when appellee applied for the policy sued on he represented that the property described in the policy was owned solely and wholly by himself; that the policy describes the property as his property; that at the time the policy was issued and at the time of the fire appellee was not the unconditional and sole owner of said property; that Winifred Ford, a minor, was the owner of a substantial interest in said property and that fact was known to appellee and was not disclosed to appellant; and that the concealment of said fact was a material misrepresentation as to the ownership of the property, and a violation of the terms of the policy as to sole ownership; that by reason of the above, the policy never took effect.

The case was tried without a jury. The trial court made findings of fact and conclusions of law which sufficiently reflect the matters at issue, and which we here copy.

"Findings of Facts.

"The Court finds:

"(1) That the plaintiff, A. A. Winfrey, and his wife, Vivia J. Winfrey, were legally married on the ——— day of ———, 1922, and lived together as husband and wife until the 16th day of January, 1928, when the said Vivia J. Winfrey died in Dallas, Dallas County, Texas.

"(2) That at the time of their marriage the wife Vivia J. Winfrey owned in her own right certain household furniture, which, after their said marriage she and A. A. Winfrey used in their home, that from time to time they exchanged various pieces of the old for new furniture, paying the difference in cash out of the community assets.

"(3) That during the time they lived together all of the furniture was continuously in their possession and under the management of the plaintiff A. A. Winfrey, and at the time of the death of the said Vivia J. Winfrey they

still owned and had in their possession several articles of furniture owned by her at the time of their marriage, including in which was a Adam-Schaff piano. That shortly after their marriage the plaintiff A. A. Winfrey secured a policy of fire insurance on said household goods in his own name and so continued to have same insured in such manner up to and including the policy of the defendant the Girard Fire & Marine Insurance Company, the policy herein sued on, and paid the premiums thereon.

"(4) That on January 16th, 1928, Vivia J. Winfrey died in the city of Dallas, Dallas County, Texas, leaving a will, devising and bequeathing to her daughter, Winifred Ford and the plaintiff A. A. Winfrey all her interest in said property, share and share alike, the plaintiff's share to be used and held by him during his lifetime and at his death to pass to Winifred Ford.

"(5) That said will was duly probated in the Probate Court of Dallas County, Texas, and that the plaintiff A. A. Winfrey was by the court appointed administrator of the estate of the said Vivia J. Winfrey and Fred L. Edwards was by the court appointed guardian of the person and estate of Winifred Ford, a minor, and that said administration of said estate and the guardianship of said minor are now pending in said court, neither having been closed.

"(6) That during the month of March, or first part of April, 1928, the plaintiff, A. A. Winfrey, acting for himself and Fred A. Edwards, acting as guardian of the person and estate of Winifred Ford, with the knowledge and consent of the County Judge and acting under the advice of their attorney of record, entered into an agreement in which the plaintiff was to purchase all the interest of Winifred Ford in the furniture and household goods owned by him and Winifred Ford; that no formal application was made to the probate court nor was any order ever made regarding said transaction, though among themselves it was agreed and understood that all interest of the minor Winifred Ford would pass to the plaintiff and that he paid the guardian a valuable consideration therefor; and that said transaction was consummated and put into effect by the entry of a certain judgment in the District Court of Dallas County, Texas, wherein Winifred Ford was plaintiff and A. A. Winfrey was defendant, entered as an agreed judgment on the 18th day of January 1929, in which the furniture and household goods in question were set aside to the plaintiff A. A. Winfrey and he was quieted in the title and possession thereof.

"(7) The court further finds that on the 26th day of June 1928, the defendant, the Girard Fire & Marine Insurance Company, of Philadelphia, issued its fire policy No. D 1125, and being the one herein sued upon, insuring A. A. Winfrey, for the term of one year from the 16th day of July, 1928, at noon, until the 16th day of June, 1929, at noon, against all direct loss or damage by fire, except as therein provided, to an amount not exceeding $1,000.-00, on said property, then located in a one-story, shingle roof frame building, situated at 1511 Vermont street, Dallas, Dallas County, Texas. I. Reinhardt & Sons, as agents, issued above policy, and same agents have carried insurance on above property for several years prior to issuance of this policy.

"(8) That plaintiff did not disclose to the defendant the facts regarding the death of his wife, the probate of her will the interest of Winifred Ford under said will or the contract of settlement with the guardian respecting the interests of Winifred Ford in the property, except to remark to an employee of the agents who wrote the policy, on the occasion of his paying the premium on said policy sued on, to the effect that his wife was dead, having died several months prior to the issuance of said policy. The defendant always regarded the plaintiff A. A. Winfrey as the sole and unconditional owner of the property in question and did not learn of the interest of any one other than plaintiff until after the fire in which the property was burned.

"(9) The court further finds that on the 8th day of September, 1928, most of said furniture and household goods, covered by said fire insurance policy, was destroyed by fire, and that the articles and pieces of furniture not totally destroyed were damaged to such an extent as to render them worthless.

"(10) That the plaintiff complied with the terms and conditions of said policy, in making proof of loss to the defendant; which fact was admitted in open court by the defendant.

"(11) That at the time of said fire and immediately thereafter it would have cost $1950.00 to replace said furniture injured and destroyed, with new furniture, at present prices, with material of like kind and quality.

"(12) That the defendant has paid no part of said loss to the plaintiff, or to anyone else for his benefit."

The court entered judgment in favor of appellee and against appellant for the sum of $1,000, the amount of the obligation expressed in the policy and for interest and costs.

The court overruled appellant's motion for a new trial to which appellant excepted, gave notice, filed additional assignments of error, and has perfected this appeal.

### Opinion.

Appellant submits that the undisputed evidence shows that Winifred Ford, a minor, was the owner of a substantial interest in the property insured at the time the policy was issued and at the time it was destroyed by fire, and for that reason, under the terms of the policy above quoted, the judgment rendered was error.

■■ We concur in the statement of appellant that a substantial interest in the property remained in the minor, and was not divested out of her by the agreement stated, nor by the agreed judgment, but whether the final judgment was error we reserve for a further consideration. With the statement of that conclusion we need not discuss the evidence nor the effect of the agreement or the agreed judgment, as divesting the minor of the interest in the household property and vesting her interest in appellee. Each owned an interest in the property, the minor owning one-half of her mother's community interest in the property and appellee the other one-half of his wife's community interest, being a life estate and appellee in addition having his one-half interest, the property insured being regarded before the death of the wife as community property of the husband and wife, except as to a piano, as in the court's third finding. The wife could convey, and by her will did convey, only her one-half of her community interest. The interests in the property, as stated above, were owned by the minor and appellee at the time the policy of insurance involved here was written, and, in our opinion, remained so until and at the time of the trial.

There is no evidence in the record that appellee, the insured, directly or indirectly concealed or misrepresented in writing or otherwise any material or immaterial facts or circumstances concerning this insurance or the subject thereof.

Then we have this policy of insurance containing the following provisions: "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material facts or circumstances concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein."

Also: "This entire policy, unless otherwise provided by agreement endorsed herein or added hereto shall be void if the interest of the insured in the property be other than unconditional and sole ownership."

There is no pleading or evidence in the record that the parties by agreement indorsed in the policy, or added thereto any provision affecting the policy as written.

The question is then presented as to the liability of appellant upon the policy, the interests of appellee and the minor being as above stated at the time the policy was written.

In Fire Ass'n of Philadelphia v. Calhoun, 28 Tex. Civ. App. 409, 67 S. W. 153, the policy provided that it should be void if the interest of the insured in the property be other than unconditional and sole ownership, or the building or ground be not owned by the assured in fee simple. The assured owned only an undivided half interest in the house and lot described in the policy.

The building and contents were destroyed by fire.

It was held that the assured was not the sole owner of the insured building, but owned only an undivided half interest therein. The assured had agreed to purchase the property from his co-owner, but the sale had not been consummated, the beneficial title or enforceable right was not in the assured when the policy was written, and the insurance company had not been advised of the actual state of the title until after the fire. The court held that this representation of sole ownership is not sustained.

In Merchants' & B. F. Underwriters v. Williams (Tex. Civ. App.) 181 S. W. 859 (on rehearing, page 862) the court refers to the Fire Ass'n of Philadelphia v. Calhoun Case, supra, and held that a want of title in the assured of the sort stipulated for in the policy renders the policy void.

In Insurance Co. of North America v. Wicker, 93 Tex. 390, 55 S. W. 740, 741, where a policy provided that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of the insurance be personal property, and be or become incumbered by a chattel mortgage." There was a chattel mortgage upon the wheat insured at the time the policy was issued, but the mortgage was discharged the day following the issuance of the policy. The insurer did not know of the mortgage. It was there said that by the existence of the mortgage the forfeiture of the policy occurred, that a court has no authority to reinstate it without the consent of the insurer, and that the subsequent discharge of the mortgage did not restore the policy.

In East Texas F. I. Co. v. Kempner, 87 Tex. 229, 238, 27 S. W. 122, 47 Am. St. Rep. 99, providing a vacancy clause in the policy, and where a vacancy in the occupancy occurred, it is said that the insured is required to know the terms of his policy, and to know the condition of his property, the protection the policy gave him, and to provide for its protection. This was not a duty of the insurance company. The vacation of the building forfeited the policy, and reoccupancy did not revive it unless the forfeiture was waived.

In Fireman's F. Ins. Co. v. Wilson (Tex. Com. App.) 284 S. W. 920, the policy was in the terms of the instant case. The assured, Fullerton, at the time of the issuance of the policy, or at the time of the fire had only an undivided interest in the building as a partner in a company which owned it. Judge Harvey, for the Commission of Appeals, section A, held that one holding undivided interest in a building as a member of a partnership which owned it, and who also had a lien thereon under a chattel mortgage was not an unconditional and sole owner within the terms of the policy, and referred to 26 C. J. pp. 178 and 179.

We could multiply the cases to the same effect, both in this state and elsewhere.

It is a general rule that the acceptance of a fire insurance policy reciting that the insured is the unconditional and sole owner of the property insured is equivalent to a declaration of that fact, notwithstanding that the insured made no representation as to the condition of the title, and did not know of the recital in the policy. Cyclopedia of Insurance Law, vol. 4, § 915 (4 Couch on Insurance), and references in notes.

No waiver is alleged or suggested.

We need not discuss other questions submitted.

The case is reversed, and here rendered for appellant.