A. A. WINFREY v. GIRARD FIRE & MARINE INSURANCE COMPANY.

No. 5724.   Decided May 16, 1931.
(38 S. W., 2d Series, 1099.)

*Austin C. Hatchell,* for appellant.

From the testimony set out and the decisions cited the appellee submits:

That the plaintiff at the time of the issuance of said policy and at the time of the loss thereunder, was the unconditional and sole owner of the title to all of the furniture, within the meaning of the provision of the insurance policy.

That it was necessary, before defendant could successfully interpose a defense, to show that the plaintiff actually made such false and fraudulent representations, either orally or in some application for the policy, and that the policy was issued upon such representations. This it did not do and cannot now complain of the judgment rendered.

That the burden was upon it to show that if any such representations were made that they in some way were material to the risk or contributed to the loss. This it did not do, or undertake to do, and therefore, no other judgment except the one entered herein could have been rendered. Article 5043, Vernon's Anno. Texas Statutes; Article 5044, Vernon's Anno. Texas Statutes; Hoyle et al. v. Republic Ins. Co., 14 S. W. (2d) 816; Georgia Home Ins. Co. v. Brady, 41 S. W., 513; Rolater v. Rolater, 198 S. W., 391; Liverpool & L. & G. Ins. Co. v. Nations, 59 S. W., 817; Aetna Accident & Liability Co. v. White, 177 S. W., 162; Fire Association of Philadelphia v. Bynum, 44 S. W., 579; People's Fire Ins. Assn. v. Goyne, 79 Ark., 315, 96 S. W., 365; Fidelity Union Fire Insurance Company v. Pruitt, 13 S. W. (2d) 717.

The fact that part of furniture was owned by the wife of the insured before their marriage was not a breach of warranty that the insured was sole and unconditional owner, since he had the actual possession and enjoyment, and hence had an insurable interest.

An equitable title meets the requirement that the interest of the insured shall be the entire, unconditional and sole ownership of the property. Hanover Fire Ins. Co. v. Shrader et al., 31 S. W., 1100; Hamburg-Bremen Fire Ins. Co. v. Ruddell, 82 S. W., 826; Queen Ins. Co. of America v. May, 35 S. W., 829; East Texas Fire Ins. Co. v. A. Dyches, etc., 56 Texas, 565; also see 26 C. J., 173-174.

There having been no pleadings filed, nor evidence submitted, nor findings made, that the alleged breach or violation of the contract relating to unconditional and sole ownership of the property contributed to bring about the destruction of the property, the insurance company may

not defeat a recovery for destruction of said property by fire because Winfrey was not the unconditional and sole owner thereof. Texas State Mut. Fire Ins. Co. v. Richbourg, 243 S. W., 590; Springfield Fire & Marine Ins. Co. v. Whisenant, 245 S. W., 963; article 4930, R. S. of Texas, as amended, and being chapter 33, Acts of the 40th Legislature, Regular Session.

*E. G. Senter,* for appellee.

The undisputed testimony shows that the property described in the policy belonged at the time of the fire to the estate of Vivia Winfrey, which estate was under administration by the probate court of Dallas county, Texas, and that there had been no order of the probate court with reference to the will of the deceased other than to probate the same.

The policy requires that the assured shall be the sole and unconditional owner of the property described in the policy and at the time the policy was issued and at the time of the fire the assured had no such interest in the property.

The undisputed testimony shows that the chief beneficial interest in the property at the time of the fire vested in Winifred Ford, a minor, that the assured attempted to seize her interest and to convert the same to his own use and benefit without authority of law, and if there be any right of recovery herein said Winifred Ford is the real and beneficial owner of said right and she should by reason thereof be made a party to this suit.

The undisputed testimony shows that the assured concealed from the company at the time he took the policy material facts relating to the title to the property which were also material to the risk, and that the company was without information touching such facts until after the fire.

The proof did not sustain the plaintiff's allegation of ownership, but, on the other hand, showed that the property did not belong to him, but was the separate property of his wife. Revised Statutes, art. 4621. It is well settled that a husband has no insurable interest in the separate property of his wife, and therefore the contract of insurance as disclosed by the plaintiff's own testimony was void and unenforceable. German Ins. Co. v. Hunter, 32 S. W., 344; German-Amr. Ins. Co. v. Paul, 2 Ind. T., 625, 53 S. W., 422; Planter's Mut. Ins. Co. v. Lloyd, 71 Ark., 292, 75 S. W., 725.

Mr. Presiding Commissioner HARVEY delivered the opinion of the court.

This suit was brought by the plaintiff in error, A. A. Winfrey, against the defendant in error, the Girard Fire and Marine Insurance Company, to recover on a fire insurance policy covering certain household furniture. The case was tried without a jury, and judgment was rendered for Winfrey for the amount of the policy with interest. The Court of Civil Appeals reversed that judgment and rendered judgment for the insurance

company. 26 S. W. (2d) 701. Winfrey was granted the writ of error.

The material facts are undisputed. They are substantially as follows:

The wife of A. A. Winfrey died in January, 1928, leaving a will which was duly probated. By the will, she devised and bequeathed one-half of all her property to Winifred Ford, her minor daughter by a former marriage, and to Winfrey the other half, during his life, with revisionary interest to Winifred Ford. At the time Mrs. Winfrey died, she and her husband owned, among other property, the household furniture involved in this controversy. A piano and a few other pieces of the furniture were owned in severalty by Mrs. Winfrey in her separate right; all the rest belonged jointly to the separate estate of Mrs. Winfrey and the community estate of her and her husband, A. A. Winfrey. After Mrs. Winfrey's death, Winifred Ford was taken into the home of one Edwards, who had been duly appointed guardian of her person and estate by the probate court of Dallas county. Winfrey was duly appointed administrator of the estate of his deceased wife. Winfrey and Edwards, the guardian, entered into an oral agreement to the effect that, in exchange for Winifred's interest in said furniture, Winfrey would give $60 cash and the life interest in certain real estate devised to him by the bill. Winfrey paid the guardian the $60 in cash, as called for by the agreement, and Winfrey considered the trade closed. The probate court never authorized Edwards, the guardian, to sell or exchange any of the personal property belonging to Winifred; nor did said court ever authorize or approve the above transaction which occurred between Winfrey and the guardian. Subsequent to said transaction, Winfrey took out the fire policy in controversy, by the terms of which the insurance company insured Winfrey against loss on account of the destruction of the above mentioned furniture by fire. The policy contained the following stipulation:

"This entire policy, unless otherwise provided by agreement endorsed herein or added hereto, shall be void if the interest of the insured in the property be other than unconditional and sole ownership."

Some three months after the policy was issued, the furniture was destroyed by fire. The insurance company rejected Winfrey's claim for indemnity on the ground that the interest of the latter in the furniture, at the time the policy issued, was not unconditional and sole ownership, in that Winifred Ford owned a substantial undivided interest therein. Later a suit was filed in the district court of Dallas county, by Winifred Ford, acting through her said guardian, against A. A. Winfrey. The next day after said suit was filed, an agreed judgment was entered therein. The judgment purports to adjudge that the community estate of Winfrey and his deceased wife, at the time the latter died, consisted of an undivided interest in certain specified parcels of real estate, and that Mrs. Winfrey, at the time she died, "owned no other or further interest in any property, real or personal." The judgment further recites that

A. A. Winfrey was, at the time his wife died, seized and possessed "as his individual and separate estate" of an undivided interest in certain specified real estate and of the furniture which is involved in the present controversy. It was adjudged that said furniture belonged to the separate estate of A. A. Winfrey, and that "all of the title, interest and estate therein is hereby divested out of said plaintiff, Winifred Ford, and vested in the defendant, A. A. Winfrey". The judgment also purports to fix and establish the respective interests of Winfrey and Winifred Ford in the several parcels of real estate described in the judgment. After that judgment was entered, the present suit on the fire policy in question was brought by Winfrey. In defense, the insurance company set up the policy stipulation quoted above. The only question presented for consideration here is whether or not under the facts stated, the interest of Winfrey in the furniture, at the time the policy issued, was other than unconditional and sole ownership, within the meaning of the said policy stipulation. The question is not difficult of solution. Disregarding, for present purposes, the revisionary interest in the furniture which was acquired by Winifred Ford under her mother's will, she acquired an undivided interest, of substantial extent, in the furniture. The property right to this undivided interest passed to Winifred Ford on the death of her mother. With reference to this undivided interest, Winfrey acquired no property right at all. By virtue of the will, he was not even entitled to exclusive possession of the furniture, for the reason that Winifred, through her guardian, was entitled to possession in common with him. R. S., art. 4172. The agreement respecting the furniture, which was made between Winfrey and the guardian, together with the payment of the $60 to the latter, gave Winfrey no title, either legal or equitable, to Winifred's undivided interest in the furniture. The guardian had no authority from the probate court to bind Winifred by his agreement in this respect, or to dispose of her property as he undertook to do. If, in connection with that transaction, any equitable right at all, in respect of Winifred's undivided interest in the furniture, accrued to Winfrey, such right did not extend beyond that of a lien-holder in possession, to secure reimbursement for the purchase money paid in pursuance of said agreement. Harrison v. Ilgner, 74 Texas, 86, 11 S. W., 1054. When the fire policy issued, Winfrey was not the unconditional and sole owner of the furniture, as contemplated by the policy stipulation under consideration; consequently no liability against the insurance company arose from the policy. Fireman's Fund Insurance Co. v. Wilson (Texas Com. App.), 284 S. W., 920. The agreed judgment, which was entered after the fire, by the district court of Dallas county, in the suit between Winifred and Winfrey, did not in any wise bind the insurance company, since the company is a stranger to such judgment.

The judgment rendered by the Court of Civil Appeals in favor of the defendant in error should be affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.