### HOME FIRE & MARINE INS. CO. v. SWANNER.

### No. 3974.

Court of Civil Appeals of Texas. Amarillo. March 8, 1933.

Bledsoe, Crenshaw & Dupree, of Lubbock, for appellant.

Levens, McWhorter & Howard, of Lubbock, for appellee.

JACKSON, Justice.

The appellee instituted this suit in the county court of Lubbock county to recover the sum of $500 evidenced by a fire insurance policy issued to him by appellant.

He alleged that on October 7, 1931, he was the owner of a hotel building and the furniture therein, situated in Justiceburg, Tex., on which date the appellant, for a valuable consideration paid, delivered to him a policy insuring said building for the sum of $300 and the furniture therein for the sum of $200 against loss by fire during the period of one year; that on November 27th thereafter, and while the policy was in full force and effect, the building and furniture were totally destroyed by fire. He alleged the value of the property destroyed, that he gave notice thereof, and furnished proof of loss as the policy required.

The appellant answered by general demurrer, general denial, and pleaded the stipulation in its policy reading as follows: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured in the property be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

That no agreement indorsed upon the policy or added thereto rendered it valid, and that appellee was not at the time of taking out the insurance, nor at any time thereafter, the unconditional and sole owner of the property insured nor the owner in fee simple of the land on which the building was located. That appellee's title to the building and ground was based on a purported substitute trustee's deed. That such deed is void because the deed of trust under which he purported to act designated Ira Lee Duckworth as trustee, and provided upon his failure or refusal to act that a substitute trustee might be appointed and required that notices of the sale be posted in three public places in Garza county. That Ira Lee Duckworth did not fail or refuse to act as trustee, and was in no way disqualified from acting, and the purported appointment of a substitute trustee was unauthorized, and conferred upon him no power to sell the property as such substitute trustee under the power of sale in the deed of trust. That notice of the sale was not posted, and appellee had no lien upon the furniture and fixtures, and had no title thereto.

In response to special issues submitted by the court, the jury found, in effect, that

the furniture and fixtures insured were of the value of $416.90, and that Ira Lee Duckworth did refuse to act as trustee and sell the property.

On these findings the court rendered judgment against appellant for the sum of $500, with interest thereon at the rate of 6 per cent. per annum from the date thereof.

The appellant challenges the sufficiency of the testimony to support the finding of the jury to the effect that Ira Lee Duckworth refused to act as trustee and sell the property under the deed of trust.

The appellee testified that he knew Mr. Duckworth was the trustee in the deed of trust, and that it provided for a commission of 5 per cent. for the sale and he desired to avoid all the expenses possible; that he called on the trustee, and advised him that the parties were in default, and that he wanted possession of the property, asked him about making out the notices, and Mr. Duckworth advised him that he had a lot of work to do, and was not trustee by his own choice, and did not solicit that position; that he informed Mr. Duckworth: "If you will let me, I will get some one else," and he said he had no objection to me appointing a substitute trustee; that all of the furniture, except a few designated articles, was in the hotel at the time of the sale by the substitute trustee; that he had no bill of sale to such articles; that he had no lien on such furniture, but took possession thereof by virtue of his purchasing the land and improvements at the sale by the substitute trustee.

Mr. Ira Lee Duckworth testified that he was cashier of the Citizens' National Bank, trustee in the deed of trust; that he had a conversation with Mr. Swanner about acting as trustee to sell the property; that there was something said about posting notices and the expense of it; that Mr. Swanner said he had some one who would act in that capacity without charge, and, if it was all right, he would secure the services of a substitute trustee; that he replied to Mr. Swanner that it was perfectly all right, but that he did not refuse to act as trustee, but did agree that it was satisfactory to him for Mr. Swanner to appoint a substitute.

The record shows that after this conversation Mr. Swanner did appoint Mr. Stagg as substitute trustee, who acted in that capacity and sold the property under the deed of trust.

In Rawlings et al. v. Lewis et al., 191 S. W. 784, 786, this court says: "Under the deed of trust Slaughter was not authorized to sell until he had been requested thereto by Rawlings. His failure or refusal until so requested was not sufficient under the power, to clothe the holder of the note with the power of substitution. The mortgagor had the right to demand that the named mortgagee first make the request of the trustee, upon whom they had agreed, before a sale could be made. The

powers of that trustee were dormant and not effective until the proper request was made. When Powel's attorney requested a waiver, and that Slaughter notify Rawlings he would not execute the trust, Slaughter was then refusing something he could not then execute, and with which he was not then vested with the power to execute. Had he thereafter been called upon by Rawlings to sell, he could have done so, regardless of his waiver in favor of Stalcup. This waiver did not enlarge the powers of the holder of the notes, or lessen the rights of the mortgagor to have the property sold according to the terms of the deed. It cannot logically be said Slaughter failed and refused to execute a trust according to its terms when the request necessary to his power was never made. He could not fail or refuse to make a sale which, if then attempted, would not have been a sale. The power of substitution depended on his failure or refusal to make a sale. He simply, by his waiver, failed and refused to do an unlawful or a void thing. It is urged because of the declaration that he would not execute the trust that this was an unequivocal refusal, and that therefore the power of substitution existed. If the proper request had been made he may not have refused the duty."

In Hart v. Estelle, 34 S.W.(2d) 665, 669, the Court of Civil Appeals at Austin holds that:

"The sale must have been at the request of Gillis, unless he in fact refused to act. Boone v. Miller [86 Tex. 74, 23 S. W. 574], supra; Michael v. Crawford, 108 Tex. 352, 193 S. W. 1070; Bomar v. West, 87 Tex. 299, 28 S. W. 519; Bowman v. Oakley (Tex. Civ. App.) 212 S. W. 549.

"The appointment of Wallace was unauthorized, since Gillis did not in fact refuse to act. The recitals in the trustee's deed were only prima facie evidence thereof, and no rights of bona fide purchasers are involved."

Under the testimony Mr. Swanner never requested Mr. Duckworth, the trustee, to sell the property under the power of sale, and said trustee never refused to exercise the power of sale under the deed of trust, and under this testimony and these authorities the sale was invalid, and the appellee was not the sole and unconditional owner, and did not have fee-simple title to the land on which the improvements were situated. It is obvious under his testimony that he was owner of but a small portion of the furniture.

In Fireman's Fund Ins. Co. v. Wilson, 284 S. W. 920, 921, in determining the right of the insured to collect insurance upon a house, an interest in which he had acquired by a void sale under a chattel mortgage, the Commission of Appeals says: "Because the sale was void, Fullerton acquired no rights, either legal or equitable, in the property by means of said sale. The rights of the parties in the property continued to stand as they did before the ineffectual sale. Fullerton's rights and in-

terest in the property remained the same as before. * * * His interest in the property, therefore, was not, at the time of the issuance of the policy, or of the destruction of the building by fire, an unconditional and sole ownership within the meaning of the clause of the policy which we have quoted. Therefore, the policy was, by its terms, avoided; and the plaintiff in error is not liable thereunder. 26 Corpus Juris, pp. 178, 179." See, also, Winfrey v. Girard Fire & Marine Ins. Co., 120 Tex. 436, 38 S.W.(2d) 1099; Eureka Security Fire & Marine Ins. Co. v. De Ross (Tex. Civ. App.) 40 S.W.(2d) 924, and authorities therein cited.

The record discloses that the appellee paid the premium and the fire occurred about fifty days after the policy was issued, and appellant made no offer to return the unearned portion of the premium paid.

The insurance contract provides: "If this policy shall be cancelled * * * or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this Company retaining the customary short rate; except that when this policy is cancelled by the Company by giving notice, it shall retain only the pro rata premium."

Appellee did not plead either waiver or estoppel relative to the sole and unconditional ownership clause of the policy. Scott v. Liverpool, London & Globe Insurance Co., 102 S. C. 115, 86 S. E. 484.

If errors are presented in the other assignments urged, they can readily be corrected on another trial.

The judgment is reversed, and the cause remanded.