EMPIRE MORTGAGE CO. et al. v.
McFARLAND.

No. 13165.

Court of Civil Appeals of Texas. Fort
Worth.

May 24, 1935.

Rehearing Denied July 13, 1935.

Bullington, Humphrey & King and Kay
& Akin, all of Wichita Falls, for appellants.

W. E. Fitzgerald and Wayne Somerville,
both of Wichita Falls, for appellee.

LATTIMORE, Justice.

This is an appeal in a suit to set aside a mortgage given by a guardian on lands of the ward.

In 1928, Haggard, guardian, applied to the probate court in Wichita county for permission to borrow, on security of real estate belonging to his wards, $5,175, alleging that there existed an indebtedness by the estate totaling $1,900, and that the probable costs of maintaining the wards for the next year ensuing would be $3,300 in excess of the estimated income of $1,600 from the estate, and that it was not an opportune time to sell any part of the estate. The court approved the loan which was made by appellants in accordance with the authority of the order on the application.

Article 5, § 16, of the Texas Constitution, gives to the county court "general jurisdiction" in probate "as provided by law." Conformable to such announcement the Legislature has by article 4195 (Vernon's Ann. Civ. St.) enacted that the probate court shall have power to authorize the guardian's authority to sell the wards' estate or a portion thereof for (inter alia) the care, education, and maintenance of the ward; and by article 4211 authorizes mortgaging the estate or a portion thereof for the purpose of making the same revenue bearing, or to discharge existing debts to the advantage of the estate. We thus see that the statute, while authorizing the submission of the corpus of the estate to the support of the ward, does not expressly authorize or prohibit the mortgaging of the estate for such purpose; that it authorizes mortgaging the estate in certain instances, but does not expressly authorize or prohibit mortgaging the estate to obtain money from said loan to support the ward.

■ We believe that the Constitution, in using the words "as provided by law," contemplated that the exercise of the powers of a probate court would be defined and limited by law as declared by the rule making bodies. The Legislature took the same view of it and enacted the present article 4164, which provides that the "guardian shall be governed by the provisions of this title [69]." A review of that title shows that it does not content

itself with declaring the things the guardian cannot do, but almost entirely is made up of instructions and powers given to the guardian affirmative in their nature. To enact the power to mortgage the ward's estate to enable improvements to make it revenue producing would be useless if the guardian already had that power and it was not intended by the Legislature that all powers of mortgaging not specified or included by necessity or implication were eliminated. To hold that the Legislature must specify such prohibited mortgages would be both impractical and useless—impractical because it would require a catalogue of all the thousand different situations that arise in our complex civilization, and useless because no lawmaking body has yet been elected that could foresee all the new devices that cunning minds would concoct. Hence the well-settled doctrine, unius inclusio, alterius exclusio. Stokes v. Tumulty (Tex. Civ. App.) 74 S.W.(2d) 417; McCamey v. Hollister Oil Co. (Tex. Civ. App.) 241 S. W. 689.

■ The case was tried without a jury. The trial court filed no findings of fact, and we must presume those findings made which the law and the facts justify. Haggard used, and intended to use at the time he filed his application, a part of the loan for his own personal debts for which the estate of the wards was not liable. The appellant was not bound, in the absence of some additional showing not here made or pleaded, to follow the funds after the loan was completed to force the guardian to apply them to the use specified by the probate court, but it is not unreasonable for the trial court to have concluded that the very application on its face warned the appellant of the design of Haggard. The guardian was the father of the wards. As such, he was not entitled to use the estate of the wards for their support, unless he was not able, as their father, to maintain and educate them. 21 Tex. Jur. 288; Buckley's Adm'r v. Howard, 35 Tex. 565; Moore v. Moore (Tex. Civ. App.) 31 S. W. 532; Id., 89 Tex. 29, 33 S. W. 217. The application made no such showing. The children were small, all under their 'teens, and the estate in the year just ended at the time of the application had yielded $1,600 income. To say that it did require $4,900 to care for three small children would warn a careful person to make investigation to see why the abnormal expense, but to prophesy that such would be the case in the future when the past proved the sum three times that theretofore necessary should certainly justify a belief that the prophet was no Cassandra.

■ Nineteen hundred dollars of the sum was loaned to pay off debts of the estate, and was so used. Just how great the advantage was to the estate we do not know, but the probate judge was authorized to allow a loan and mortgage to discharge such debts to the advantage of the estate. We think that as to such debts the question of the advantage involved is one for the probate judge, and that the appellant was entitled to accept his discretion, particularly where the pleadings do not charge that such discharge was not advantageous to the estate.

■ We hold that the wards are not required to tender into court this $3,300 which was borrowed by the former guardian without any authority residing in him to mortgage for the purpose set up in the application, and which funds never reached the use and benefit of the estate. Jirou v. Jirou (Tex. Civ. App.) 136 S. W. 493. Rescission sounds in equity, and likewise the requirement of tender in connection therewith of the benefits received under the contract sought to be rescinded is a creature of equity. If the contract was one which the guardian was without power to make and the probate court is without power to authorize and the estate receives no benefit from the money supposed to be loaned in violation of the law, no tender is required. The lender is not in a legal sense engaged in a lawful loan, and the minors have received no benefits therefrom. Vogelsang v. Null, 67 Tex. 465, 3 S. W. 451; Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849. It is for these reasons that Kendrick v. Wheeler, 85 Tex. 253, 20 S. W. 44, and Harrison v. Ilgner, 74 Tex. 86, 87, 11 S. W. 1054, are not in point. In those cases the subject-matter of the contract was lawful. It was only procedural irregularities that interrupted the binding consummation of the transactions, and the estate received and used for the wards the quid pro quo.

The assignments not discussed are also overruled.

The judgment of the trial court is reversed, and the note and mortgage are reformed so that the note and mortgage are reduced to the principal sum of $1,900 as of the date thereof, and judgment is here rendered to that effect.