REPUBLIC INS. CO. v. FULBRIGHT INDEPENDENT SCHOOL DIST.

No. 5375.

Court of Civil Appeals of Texas. Texarkana.

Feb. 23, 1939.

Smithdeal, Shook & Lefkowitz, J. L. Shook, and W. H. Shook, all of Dallas, for appellant.

B. F. Edwards, of Clarksville, for appellee.

HALL, Justice.

This suit was instituted by the Trustees of Fulbright Independent School District against appellant, Republic Insurance Company, for $1350 for the loss by fire of one school building and school furniture and fixtures contained therein, alleged to be covered by a fire insurance policy issued by appellant and which was in full force and effect on the date said building, furniture and fixtures were destroyed by fire on January 15, 1936. Appellant answered by general demurrer, and special exceptions which were overruled by the court, and general denial. It also specially denied liability under the vacancy and change in ownership clauses contained in the insurance policy, both of which, it is alleged, had been breached by appellee. Trial was to the court without a jury and resulted in judgment for appellee for $1144.-64, divided as follows: $1000 for the school building and $144.64 for the school furniture and fixtures. Appellant prosecutes this appeal.

A controlling question presented by this appeal is set forth in appellant's fifth proposition which is: "The policy of fire insurance on the school building having contained the provision that, 'It is understood that this policy continues in full force and effect during vacations between school terms, and at such times as school is not actually in session, provided that if the building is abandoned for school purposes for an indefinite period without written permission hereon, then this policy shall be void,'—then such building having been abandoned, vacated, and no longer used for school purposes and the period for which such abandonment, vacancy or non-user was to continue being undetermined and indefinite, and fire having occurred, no recovery could be had because of the breach of such warranty."

It was undisputed that the policy of insurance sued on herein was issued to the Center Point Common School District of Red River County, Texas, and that the building covered by it was owned on the date of the delivery of the policy by the Center Point Common School District. By stipulation in the record it was agreed that the Center Point Common School District consolidated with and became a part of the Fulbright Independent School District on June 3, 1935. The insurance policy had attached to it and made a part of same "Texas School Form No. 173, approved by the State Fire Insurance Commission," and which contained the following condition with respect to vacancy: "It is understood that this policy continues in full force and effect during vacations between school terms, and at such times as school is not in session, *provided if the building is abandoned for school purposes, for an indefinite period without written permission hereon, then this policy shall be void.*" (Italics ours.) The policy further provided that said building was to be occupied for school purposes, "with privilege of occasional public meetings * * *." The testimony is without dispute that from the close of the school term in May 1935, until the 15th day of January, 1936, the date of the fire, the building was not occupied for school purposes. No pupils attended school in said building and no school was attempted to be held therein during this period of vacancy from May 1935, until January 15, 1936. The testimony is undisputed that some twenty-five or thirty school desks were removed from the Center Point school building in September 1935, to the Fulbright school building in the town of Fulbright. Also that the library, book-cases, maps and charts were removed from the Center Point building to the Fulbright school building at or about the same time the desks were removed. There was left in the Center Point building ten desks, a psychological chart, some blackboards and two stoves. It is undisputed that no vacancy permit was secured from the Insurance Company. The sole question presented by this proposition is: Do the facts and circumstances in this record conclusively establish that at the time of its destruction by fire "the building was abandoned for school purposes for an indefinite period?" As stated before, there was no school conducted in the building during the vacancy period, nor were any scholastic exercises held in said building during said period. Certainly the period of time said building was to remain vacant was indefinite. So far as this record shows, the building would still be vacant had not the period been cut short by the fire. On May 29, 1935, the Fulbright school board met and passed the following resolution:

"After being called to order by the chairman, motion was made by Mr. King that the Center Point people be asked to discuss the probability of having school at Center Point. After discussing the matter a decision was made that the primary school was to be maintained in the District and that the high school pupils be transported to Fulbright until further agreement be made. Agreement was made to use the school building for the good of the majority of the pupils in the district. The above agreement was made in the presence of the Fulbright School Board and Mr. M. B. Lee appointed Supt. Moore together with Mr. R. L. King to notify the patrons of the Center Point District of the agreement.

"There being no further business to come before the Board, motion was made by Mr. W. A. Lee to adjourn. Motion was seconded by Mr. Scott and all voted to adjourn."

 There was no testimony introduced to show that the Center Point building was used "for the good of the majority of the pupils of the school district" during the indefinite vacancy period. The resolution set out above was in no wise complied with from the beginning of the school year early in September, 1935, to January 15, 1936, when the building was destroyed by fire. In our opinion, the vacancy condition contained in the insurance policy sued on constitutes an express agreement between the insured and the insurer unambiguous in its terms, and which the uncontradicted evidence shows was breached by the insured. Such being the case, we have no right or authority to change, modify, or disregard the plain language used by the parties to this contract, but must enforce same as made. In the case of East Texas Fire Insurance Co. v. Kempner, 87 Tex. 229, 27 S.W. 122, 47 Am.St.Rep. 99, Judge Brown of our Supreme Court in discussing a vacancy clause in a fire insurance policy, held: "* * * The rule for construing a policy of insurance is that the language used in it 'must be liberally construed in favor of the assured so as not to defeat, without a plain necessity, his claim or indemnity, which, in making the insurance, it was his object to secure. When the words are, without violence, susceptible of two interpretations, that which will sustain his claim and cover the loss must in preference be adopted.' 1 May, Ins. § 176. *It is equally well settled that, where the language is plain and unambiguous, courts must enforce the contract as made by the parties, and cannot make a new contract for them, nor change that which they have made under the guise of construction. As parties bind themselves, so they must be held to be bound.* [Galveston] Ins. Co. v. Long, 51 Tex. [89] 92; Morrison v. Insurance Co., 69 Tex. [353] 359, 6 S.W. 605 [5 Am.St. Rep. 63]." (Italics ours).

The following cases follow the holding set out next above. Insurance Co. of North America v. Wicker, 93 Tex. 390, 55 S.W. 740; Girard Fire & Marine Ins. Co. v. Winfrey, Tex.Civ.App., 26 S.W.2d 701, affirmed by Supreme Court, 120 Tex. 436, 38 S.W.2d 1099; National Union Fire Ins. Co. of Pittsburgh v. Richards, Tex.Civ. App., 278 S.W. 488; London Assurance Corp. v. Dean, Tex.Civ.App., 281 S.W. 624, writ refused; Liverpool & London Globe Ins. Co. v. Baker, Tex.Civ.App., 198 S.W. 632; Hudson Ins. Co. v. McKnight, Tex. Civ.App., 58 S.W.2d 1088. These authorities, though not exactly in point, support our conclusion that the vacancy condition contained in the insurance policy is, in point of fact, an express contract between the parties, the breach of which by the insured renders the insurance contract null and void. We have found no case in this state bearing directly on the question involved herein. Appellant in its brief directs our attention to the case of Trustees of Stony Plain School District No. 4044 v. Home Ins. Co., Vol. 19, Saskatchewan Law Reports 110, which appears to support our conclusions. However, we do not have access to the Saskatchewan Reports and are unable to cite said case as authority.

From the undisputed evidence in this record the conclusion is inescapable that the Center Point school building covered by the policy of insurance was abandoned not only for school purposes, but for all purposes, for an indefinite period from and after the beginning of the school session early in September, 1935, and by reason of such fact said insurance policy became null and void. This conclusion reached by us renders unnecessary a discussion of the other propositions advanced by appellant.

The judgment is reversed and is here rendered for appellant.