**FEDERAL BUILDING & SALES COMPANY and C. S. Winstead, Appellants,**

v.

**COMMERCIAL STANDARD INSURANCE COMPANY, Appellee.**

No. 4238.

Court of Civil Appeals of Texas.

Waco.

July 30, 1964.

Rehearing Denied Aug. 27, 1964.

Dunnam & Dunnam, Waco, for appellants.

Naman, Howell, Smith & Chase, Waco, for appellee.

WILSON, Justice.

Judgment non obstante veredicto was rendered for the insurer in the suit against it on a Texas Standard fire insurance policy brought by Federal Building & Sales Company, the named insured, and by Winstead, Federal's vendee. The only questions presented relate to claimed waiver and estoppel, and the failure of the jury to answer an issue concerning asserted agency. We affirm.

■ The policy insured a dwelling owned by Federal for a five year term. Federal conveyed the insured property to Winstead during the fourth year of that term. Four months later it was destroyed by fire. Winstead was never substituted or named as an insured in the policy, which contained a pleaded provision that the company should not be liable for "loss occurring after change of ownership."

To avoid the consequences of these facts appellants pleaded that after the fire the insurer, "with full knowledge of the sale and transfer of ownership of the insured property" to Winstead, notified Federal, the named insured, that the policy would be cancelled. It was alleged and is here urged that this was an unequivocal act by which the insurer recognized continuance and validity of the policy to that time, and which "was wholly inconsistent with any forfeiture or cancellation of the policy" prior to the cancellation date named in the notice; that the insurer was thereby estopped and waived the right to cancel. Appellants also alleged and now contend that retention by appellee of the unearned premium after notice of cancellation constituted a waiver and estoppel.

The jury answered issues to the effect that the notice of cancellation and retention of premiums were "wholly inconsistent with cancellation or voiding" of the policy. The court rendered judgment for appellee notwithstanding these findings, and overruled appellants' motion for judgment on the verdict. These are the actions challenged.

The points do not present error because (1) Winstead never became an insured under the policy; Federal no longer had a right to recover thereunder after alienation of title to the insured dwelling. (2) Whether the policy was cancelled after the loss occurred and the rights of the parties were fixed, or whether appellee then had a right to cancel, was immaterial. (3) Conduct of appellee occurring after the loss does not constitute a basis of estoppel.

(4) Notice of cancellation is not inconsistent with a claim a condition had been breached. (5) There is no evidence that appellee had any knowledge of change of ownership until after the loss. (6) Retention of the unearned premium after the loss and after notice of cancellation is not a basis for waiver or estoppel because, if for no other reason, the insurance contract required the cancellation notice to state that the "pro rata unearned paid premium, if not tendered, will be refunded on demand." The notice so stated. There is no evidence of demand to the time of institution of suit. No such provision existed in the decisions relied on by appellant. The points are overruled. Fire Ass'n. of Philadelphia v. Flournoy, 84 Tex. 632, 19 S.W. 793, 31 Am. St.Rep. 89; Winfrey v. Girard Fire & Marine Ins. Co., 120 Tex. 436, 38 S.W.2d 1099, 1101; British General Ins. Co. v. Ripy, 130 Tex. 101, 106 S.W.2d 1047, 1049, 1050; Austin Fire Ins. Co. v. Polemanakos, Tex.Com.App., 207 S.W. 922, 925; Hartford Acc. & Ind. Co. v. Swilley, (C.A.5, Tex.) 304 F.2d 213, 216; Couch on Insurance 2d ed., 37:1046 et seq.

■ It is said the judgment was unauthorized because the jury failed to answer a submitted issue inquiring whether "R. S. Mitchell doing business as Southern Insurance Agency was the apparent agent" of appellee. We assume appellant regards this issue as constituting a means of imputing Mitchell's knowledge to appellee. Mitchell was certainly not in fact the agent of appellee under the undisputed evidence. There is no suggestion appellee did anything whatever to create an appearance that he was its agent, or that it knew anything of his conduct relied upon to show "apparent agency." A. A. Williams, president of Federal, the named insured, was a partner and part owner of Southern Insurance Agency with R. S. Mitchell at the time the policy was issued. Mitchell was unable to write the policy in any of the companies which Southern Insurance Agency represented as agent. He then acted as broker in obtaining issuance of the policy

through another agency which did represent appellee as agent. The latter agency signed the policy and delivered it to Mitchell who then pasted the label of Southern Insurance Agency on the front of the policy. There is no suggestion that appellee knew of this action. Winstead (who shared offices with Williams and Mitchell) never saw the policy until after the fire. The contention is without merit. Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422, 427; Chapapas v. Delhi-Taylor Oil Corp., Tex.Civ.App., 323 S.W.2d 64, syl. 4, writ ref. n. r. e.

Affirmed.